**EXHIBIT 1**

1

HONORABLE FRANKLIN D. BURGESS

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

9

10

TODD and ANNE ERICKSON, individually and
the marital community comprised thereof,

11

                    Plaintiffs,

12

          v.

13

MICROAIRE SURGICAL INSTRUMENTS,
LLC, a Virginia Limited Liability Company doing

14

business in the State of Washington,

15

                    Defendant.

16

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. C08-5745-FDB

PLAINTIFFS' FIRST REQUESTS FOR
ADMISSION **WITH DEFENDANT'S
RESPONSES THERETO**

17

18

TO:          Todd and Anne Erickson, Plaintiffs

AND TO:      Tony Shapiro and Marty McLean, Attorneys for Plaintiffs

19

20

          COMES NOW Defendant MicroAire Surgical Instruments, LLC ("MicroAire") and

submits its responses to Plaintiffs' First Requests for Admission as follows:

21

                              **General Objections**

22

These objections apply generally to all of the discovery requests.

23

                    **Objection to Scope of Discovery Requests**

24

Without limiting the generality of this objection, MicroAire objects to all discovery requests to

the extent that they (1) go beyond the scope of discovery provided by the applicable Civil and

25

Local Rules, or (2) are not reasonably calculated to lead to the discovery of admissible evidence.

26

{EHG780110.DOC; 1\12459.000005\ }
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION **WITH
RESPONSES THERETO** - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

### Privileged and Trial Preparation Materials

2  MicroAire objects to all discovery requests to the extent they call for information or documents

3  that fall within any relevant privilege, including the attorney/client privilege or the work product

4  doctrine, or which constitute trial preparation materials within the meaning of the Civil and Local

Rules.

5

### No Waiver

6  Nothing set forth in MicroAire's specific objection is intended as or should be construed as a

7  waiver of the above general objections, or of any other specific objection set forth.

8

9             ## II.       REQUESTS FOR ADMISSION

10  REQUEST FOR ADMISSION NO. 1:   Admit that John Pascaloff was the representative

11  designated by MicroAire Surgical Instruments, LLC ("MicroAire") to appear in response to

12  plaintiff's Second Amended Notice of 30(b)(6) Deposition.

13          RESPONSE:

14          Admit.

15

16

17  REQUEST FOR ADMISSION NO. 2:   Admit that John Pascaloff was the only representative

18  designated by MicroAire to appear in response to plaintiff's Second Amended Notice of 30(b)(6)

19  Deposition.

20          RESPONSE:

21          Admit.

22

23

24  REQUEST FOR ADMISSION NO. 3:   Admit that John Pascaloff is the Director of Engineering

25  for MicroAire.

26

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    RESPONSE:

2        Objection.  This request is vague as to timeframe.  Notwithstanding and subject to these

3    objections, MicroAire responds as follows:  Deny.  Mr. Pascaloff's current title is "Engineering

4    Group Director."

5

6

7

8    REQUEST FOR ADMISSION NO. 4:   Admit that John Pascaloff has been the Director of

9    Engineering for MicroAire since at least 2001.

10       RESPONSE:

11       Deny.  Admit that Mr. Pascaloff has been the Engineering Group Director since at least

12

13   2001.

14

15

16

17   REQUEST FOR ADMISSION NO. 5:   Admit that since 1997, John Pascaloff was the primary

18   signatory on all fault tree analysis conducted for power instruments manufactured by MicroAire.

19       RESPONSE:

20       Objection.  The terms "primary" and "power instruments" are undefined and ambiguous.

21   Notwithstanding and subject to these objections, MicroAire responds as follows:  Deny Mr.

22   Pascaloff was the primary signatory on all fault tree analyses conducted for power instruments

23   manufactured by MicroAire.  Since approximately 1997, Mr. Pascaloff served as a signatory on

24   fault tree analyses for the MicroAire 2910 pneumatic drill.  Other persons also served as

25   signatories, including representatives from the marketing and quality assurance departments.

26

{EHG780110.DOC;1\12459.000005\ }
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION **WITH**
**RESPONSES THERETO - 3**

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  Additionally, other engineers served as signatories.

2

3

4

5  REQUEST FOR ADMISSION NO. 6:   Admit that the MicroAire 2910-100 is a power

6  instrument.

7     RESPONSE:

8     Objection. The term "power instrument" is undefined and vague. Notwithstanding and

9  subject to these objections, MicroAire responds as follows:  Admit that the MicroAire 2910-100

10 is a pneumatic power instrument.

11

12

13 REQUEST FOR ADMISSION NO. 7:   Admit that the only risk identified by John Pascaloff

14 arising from improper cleaning of the MicroAire 2910-100 was that the burr may become

15 overheated.

16     RESPONSE:

17     Objection. This request is vague and ambiguous. Notwithstanding and subject to these

18 objections, MicroAire responds as follows:  Deny that an overheating burr is the only risk

19 associated with improper cleaning and/or maintenance. Improper cleaning and/or maintenance

20 may cause performance problems. Improper maintenance, including, but not limited to, third

21 party repairs, may change the decibel level.

22

23

24

25 REQUEST FOR ADMISSION NO. 8:  Admit that there is no record of MicroAire analyzing the

26

{EHG780110.DOC;1\12459.000005\ }
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION **WITH
RESPONSES THERETO - 4**

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  risk of excessive noise being generated by the MicroAire 2910-100 surgical drill prior to the

2  commencement of this lawsuit.

3      RESPONSE:

4      Objection.  The term "excessive noise" is vague and undefined.  Notwithstanding and

5  subject to these objections, MicroAire responds as follows:  Admit.  Deny noise excessive, given

6  the decibel level and duration of use.  Deny recorded analysis necessary, given the decibel level

7  and duration of use.

8

9

10  REQUEST FOR ADMISSION NO. 9:  Admit that there is no record of MicroAire analyzing

11  whether the noise generated by the MicroAire 2910-100 surgical drill complied with applicable

12  OSHA standards prior to commencement of this lawsuit.

13      RESPONSE:

14      Objection.  This request is vague and ambiguous, as it does not identify which "OSHA

15  standards" plaintiffs deem "applicable."   Notwithstanding and subject to these objections,

16  MicroAire responds as follows:  Admit.  Deny recorded analysis necessary, given the decibel

17

18  level and duration of use.

19

20

21  REQUEST FOR ADMISSION NO. 10:   Admit that MicroAire did not document whether

22  customers registered complaints regarding noise levels generated by its surgical drills prior to

23  commencement of this lawsuit.

24      RESPONSE:

25      Objection.  The term "surgical drills" is undefined and vague.  The MicroAire 2910

26  pneumatic drill is the only "surgical drill" relevant to this litigation.  Notwithstanding and subject

{EHG780110.DOC;1\12459.000005\ }
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION **WITH**
**RESPONSES THERETO** - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    to these objections, MicroAire responds as follows:  Deny.

2

3

4    REQUEST FOR ADMISSION NO. 11:  Admit that MicroAire did not provide consumers with

5    any warnings that the 2910-100 surgical drill may generate excessive noise levels.

6        RESPONSE:

7        Objection.  The term "excessive noise levels" is vague and undefined.  Notwithstanding

8    and subject to these objections, MicroAire responds as follows:  Deny noise levels were

9    excessive.  Deny MicroAire had notice of "excessive noise levels."  Deny MicroAire had a duty

10   to warn of an alleged risk of which it had no notice.  Admit warnings did not address noise

11   levels.  Deny such warnings were necessary, given the decibel level and duration of use.

12

13

14   REQUEST FOR ADMISSION NO. 12:  Admit that MicroAire did not provide consumers with

15   any warnings that the 2910-100 surgical drill may cause noise induced hearing loss.

16       RESPONSE:

17       Objection.   The term "noise induced hearing loss" is vague and undefined.

18   Notwithstanding and subject to these objections, MicroAire responds as follows:   Deny

19   MicroAire had notice of possible noise induced hearing loss. Deny MicroAire had a duty to warn

20   of an alleged risk of which it had no notice.  Deny that the 2910-100 pneumatic drill caused noise

21   induced hearing loss.  Admit warnings did not address possibility of noise induced hearing loss.

22

23

24

25

26   REQUEST FOR ADMISSION NO. 13:  Admit that the instructional manual(s) provided with the

{EHG780110.DOC;1\12459.000005\.}
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION **WITH**
**RESPONSES THERETO - 6**

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  MicroAire 2910-100 surgical drill did not inform consumers to utilize hearing protection while

2  operating the product.

3      RESPONSE:

4      Deny MicroAire had notice of possible noise induced hearing loss.  Deny MicroAire had

5  a duty to warn of an alleged risk of which it had no notice.  Deny that the 2910-100 pneumatic

6  drill caused noise induced hearing loss.  Admit warnings did not address hearing protection.

7

8

9

10 REQUEST FOR ADMISSION NO. 14:  Admit that the instructional manual(s) provided with the

11 MicroAire 2910-100 surgical drill did not instruct consumers that the product may cause noise

12 induced hearing loss.

13     RESPONSE:

14     Objection.   The   term   "noise   induced   hearing   loss"   is   vague   and   undefined.

15 Notwithstanding  and  subject  to  these  objections,  MicroAire  responds  as  follows:   Deny

16 MicroAire had notice of possible noise induced hearing loss.  Deny MicroAire had a duty to warn

17 of an alleged risk of which it had no notice.  Deny that the 2910-100 pneumatic drill caused noise

18 induced hearing loss.  Admit instruction manual did not address alleged noise induced hearing

19 loss.

20

21

22

23

24 REQUEST FOR ADMISSION NO. 15:  Admit that oral maxillofacial surgeons were the target

25 purchasers for the MicroAire 2910-100 surgical drill.

26

{EHG780110.DOC;1\12459.000005\ }
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION **WITH**
**RESPONSES THERETO** - 7

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1   RESPONSE:

2       Admit.

3

4

5   REQUEST FOR ADMISSION NO. 16:  Admit that prior to working for MicroAire, John

6   Pascaloff was the product development manager for Hall.

7       RESPONSE:

8       Admit that prior to his employment at MicroAire, Mr. Pascaloff worked at Hall as a

9   Manager of Product Development.

10

11

12   REQUEST FOR ADMISSION NO. 17:  Admit that while employed by Hall, John Pascaloff's

13   job duties included the development of new Hall/ConMed Linvatec ("Hall") surgical

14   instruments.

15   RESPONSE:

16       Deny that Mr. Pascaloff was employed by ConMed Linvatec.  Admit he was employed by

17   Hall.  Admit his job duties included supporting the development of new Hall surgical

18   instruments.

19

20

21

22   REQUEST FOR ADMISSION NO. 18:  Admit that John Pascaloff identified Hall's Surgairtome

23   Two as a competitive product to MicroAire's 2910-100 surgical drill prior to the 2910-100 being

24   discontinued.

25       RESPONSE:

26       Admit.

{EHG780110.DOC;1\12459.000005\ }
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION **WITH**
**RESPONSES THERETO - 8**

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2

3   REQUEST FOR ADMISSION NO. 19:  Admit that the MicroAire's 2910-100 surgical drill did

4   not utilize a noise muffling system.

5        RESPONSE:

6        Objection. The term "noise muffling system" is vague and undefined.  Notwithstanding

7   and subject to these objections, MicroAire responds as follows:  Deny.

8

9

10  REQUEST FOR ADMISSION NO. 20:  Admit that the MicroAire's 2910-100 surgical drill did

11  not contain component parts designed to lessen noise.

12        RESPONSE:

13        Objection.  The term "lessen noise" is vague and undefined.  Notwithstanding and subject

14  to these objections, MicroAire responds as follows:  Deny.

15

16

17  REQUEST FOR ADMISSION NO. 21:  Admit that while Pascaloff was employed by Hall, the

18  Surgairtome Two surgical drill utilized an exhaust muffling device.

19        RESPONSE:

20        · Admit that the Surgairtome Two surgical drill utilized a device labeled as a "muffler"

21  during Mr. Pascaloff's employment at Hall.  Deny that this device functioned as a muffler to

22  lessen noise.

23

24

25

26

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  REQUEST FOR ADMISSION NO. 22: Admit that, while employed by Hall, John Pascaloff

2  signed off on the engineering design drawings for the exhaust muffling component of the

3  Surgairtome Two surgical drill.

4      RESPONSE:

5      Admit that Mr. Pascaloff signed engineering drawings for a component labeled as a

6  "muffler" while employed by Hall. Deny that this device functioned as a muffler to lessen noise.

7

8

9

10 REQUEST FOR ADMISSION NO. 23: Admit that, according to John Pascaloff, one of the

11 purposes of the exhaust muffling device utilized by Hall on its Surgairtome Two surgical drill

12 was to lessen noise.

13     RESPONSE:

14     Objection. This request is vague and ambiguous. Notwithstanding and subject to these

15 objections, MicroAire responds as follows: Deny.

16

17

18     DATED this 7th day of April, 2010.

19

20              OGDEN MURPHY WALLACE, PLLC

21

22

23  By _Emily H. Gant_____
       Lee Corkrum, WSBA No. 6585
24     Emily Harris Gant, WSBA No. 35679
       1601 Fifth Avenue, Suite 2100
25     Seattle, Washington 98101
       Tel.: (206) 447-7000
26     Fax: (206) 447-0215
       egant@omwlaw.com
       Attorneys for Defendant

{EHG780110.DOC;1\12459.000005\ }

PLAINTIFFS' FIRST REQUESTS FOR ADMISSION WITH
RESPONSES THERETO - 10

1

<u>VERIFICATION</u>

2 STATE OF _____)

           ) ss.

3 COUNTY OF _____)

4

   I, _____, certify under penalty of perjury under the laws of the

5

State of _____ that the foregoing answers and responses are true and correct.

6   DATED this ___ day of April, 2010.

7

         _____

8

9   SUBSCRIBED AND SWORD TO before me this ___ day of _____, 2010.

10

11

      _____

12      NOTARY PUBLIC in and for the State of

      _____, residing at

13      _____.

      My commission expires: _____.

14

15

16

17

18

19     DECLARATION OF SERVICE

   I hereby declare that I sent a copy of the document on

20  which this declaration appears via fax/mail/messenger

   service to _____

21  I declare under penalty of perjury of the laws of the

   State of Washington that the foregoing is true and correct.

22  Executed at Seattle, WA on _____

   Signed by: _____

23

24

25

26

**PLAINTIFFS' FIRST REQUESTS FOR ADMISSION WITH**
**RESPONSES THERETO - 11**

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

<u>VERIFICATION</u>

STATE OF _Virginia_ )
                           ) ss.
COUNTY OF _Albemarle_ )

I, _Chris Spofford_, certify under penalty of perjury under the laws of the

State of _Virginia_ that the foregoing answers and responses are true and correct.

DATED this _7_ day of April, 2010.

SUBSCRIBED AND SWORD TO before me this _8th_ day of _April_, 2010.

Cathy L. Tate   Id# 360062

NOTARY PUBLIC in and for the State of

_Albemarle_, residing at

My commission expires: _Feb 28, 2013_.

DECLARATION OF SERVICE

I hereby declare that I sent a copy of the document on
which this declaration appears via fax/mail/messenger
service to _____
I declare under penalty of perjury of the laws of the
State of Washington that the foregoing is true and correct.
Executed at Seattle, WA on _7/7/10_
Signed by: _____

{EHG780110.DOC;1\12459.000005\ }

**PLAINTIFFS' FIRST REQUESTS FOR ADMISSION WITH
RESPONSES THERETO - 11**

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

**EXHIBIT 2**

SEATTLE    BOSTON    CHICAGO    LOS ANGELES    PHOENIX    SAN FRANCISCO                                    T 206.623.7292    F 206.623.0594



ATTORNEYS AT LAW
Marty D. McLean
Attorney
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA  98101
www.hbsslaw.com
Direct (206) 268-9359
Direct Fax (206) 623-0592
martym@hbsslaw.com

April 9, 2010

**VIA EMAIL & U.S. MAIL**

Ms. Emily Harris Gant
Ogden Murphy Wallace PLLC
1601 Fifth Avenue, Suite 2100
Seattle, Washington  98101

     Re:    *Erickson v. MircroAire*
             Deficient Discovery Responses

Ms. Gant:

During our discovery conference earlier today, we agreed to provide our concerns regarding your client's responses to our requests for admission. You agreed to review our concerns and your client's answers, and to reconvene our discovery conference on Monday, April 12, 2010.

As explained during our call, our requests were carefully worded based upon testimony provided by MicroAire's 30(b)(6) witness, John Pascaloff. Your client has not offered any changes to Mr. Pascaloff's testimony as required by Civil Rule 30(e). This 30(b)(6) testimony is now binding on your client.

Inexplicably, your client failed to fully answer all but five of the twenty-three requests for admissions we served. The remaining responses contain inappropriate objections or denials that are contradicted by Mr. Pascaloff's testimony.

As one example, when asked to admit that the *only* problem resulting from improper cleaning of the MicroAire 2910-100 drill was that it could become overheated, your client made several inappropriate objections and offered a general denial. However, during Mr. Pascaloff's deposition, he testified as follows:

      Q.    You said one of the problems with the 2910-100 was a cleaning problem?

      A.    Yes.

003035-11 363739 V1

Ms. Emily Harris Gant
April 9, 2010
Page 2

Q.   Explain that to me.

A.   The cleaning procedure is well specified in the
instructions for use.  One of the primary things that make it --
to get the instrument, the nose clean is to remove the burr
guard, which unscrews.  It is spelled out.  The
trouble is nobody ever did that, so a lot of debris would
remain in the collet and would, over time, with sterilization,
would not get flushed out, and it would cause issues with heat
in the nose or the burrs not to be able to be inserted.

Q.   *Okay.  So, just so I understand it, if people didn't clean
the nose correctly, the risk was the burr would get
overheated and the patient might get burnt?*

A.   *That's correct.*

Q.   All right.  *Any other risks associated
with not cleaning the instrument properly*?

A.   *That's it.  That is the risk.*

Several of your client's other responses are likewise inappropriate and
dissembling.  Your client repeatedly offers objections and denials that are contradicted by
Mr. Pascaloff's sworn testimony.[1]  Please be prepared to discuss each of these responses
during our discovery conference.

You have an obligation pursuant to Civil Rule 26(g) to verify that your objections
and answers are well-founded based upon existing law or facts.  Your requests for
admissions responses satisfy neither requirement.

We would prefer that your client agree to revisit its requests for admissions
responses voluntarily.  However, we are prepared to bring the current inadequacies to the
Court's attention, should your client stand by its current responses.

---

[1] *See* Response Nos. 3 – 14; 19-23.

Ms. Emily Harris Gant
April 9, 2010
Page 3


**We will phone your office on Monday, April 12, 2010, at 3:30 p.m. to conduct our formal discovery conference.**

Respectfully,

HAGENS BERMAN SOBOL SHAPIRO LLP

Marty D. McLean

MDM:hs