**EXHIBIT 3**



EMILY HARRIS GANT
egant@omwlaw.com
206.447.7204

April 12, 2010

**VIA EMAIL AND U.S. MAIL**
Marty McLean
HAGENS BERMAN SOBOL SHAPIRO
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101

Re:   *Erickson v. MicroAire*

Dear Mr. McLean:

This confirms our recent efforts to meet and confer regarding MicroAire's Responses to Requests for Admission.

I asked that we address each response to which you objected. You stated that this was not appropriate. Instead, you pointed to your April 9, 2010 letter, in which you addressed MicroAire's response to Request for Admission No. 7, and stated that this example accurately summarized your concerns with Requests for Admission Nos. 3-14 and 19-23. In our conversation, you did not address the validity of MicroAire's objections, and did not identify places in Mr. Pascaloff's deposition which you claim to have quoted verbatim.

MicroAire made good faith responses to your clients' Requests for Admission. Notwithstanding this fact, I agreed to evaluate your concerns and amend our responses, if appropriate.

You demanded that we file amended responses by tomorrow, Tuesday, April 13, 2010. While I indicated my intent to timely amend, if appropriate, you refused to allow my client until the end of the week to do so. When asked the reason for this refusal, you indicated that the discovery cut-off is June 1, 2010, and that your clients needed time to complete discovery. The provision of any amendments by Friday, April 16, 2010 allows sufficient time to engage in discovery under the rules.

Finally, I was prepared to discuss the Chan IME, per my earlier letter. You refused to meet and confer on this topic, indicating that you did not receive a copy of my letter. I properly placed this issue on today's agenda, but was willing to timely reconvene the discovery conference as a courtesy. As discussed in Friday's discovery conference, however, we need to address the IME

Established 1902
A Member of the International Lawyers Network with independent member law firms worldwide

1601 Fifth Avenue, Suite 2100  •  Seattle, WA 98101-1686  •  206.447.7000  •  Fax. 206.447.0215  •  Web: www.omwlaw.com
{EHG781200.DOC;1\12459.000005\ }

Marty McLean
April 12, 2010
Page 2

issue promptly, such that we can either schedule the exams, or my client can file a motion to compel.

Very truly yours,

OGDEN MURPHY WALLACE, P.L.L.C.

Emily Harris Gant

EHG

cc:   Tony Shapiro

**EXHIBIT 4**

HONORABLE FRANKLIN D. BURGESS

DECLARATION OF SERVICE
I hereby declare that I sent a copy of the document on which this declaration appears via fax/mail/messenger service to _____
I declare under penalty of perjury of the laws of the State of Washington that the foregoing is true and correct.
Executed at Seattle, WA on _____
Signed by: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TODD and ANNE ERICKSON, individually and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>v.<br><br>MICROAIRE SURGICAL INSTRUMENTS, LLC, a Virginia Limited Liability Company doing business in the State of Washington,<br><br>Defendant. | NO. C08-5745-FDB<br><br>PLAINTIFFS' FIRST REQUESTS FOR ADMISSION **WITH DEFENDANT'S AMENDED RESPONSES THERETO** |

TO:         Todd and Anne Erickson, Plaintiffs

AND TO:   Tony Shapiro and Marty McLean, Attorneys for Plaintiffs

COMES NOW Defendant MicroAire Surgical Instruments, LLC ("MicroAire") and submits its responses to Plaintiffs' First Requests for Admission as follows:

### General Objections

These objections apply generally to all of the discovery requests.

### Objection to Scope of Discovery Requests

Without limiting the generality of this objection, MicroAire objects to all discovery requests to the extent that they (1) go beyond the scope of discovery provided by the applicable Civil and Local Rules, or (2) are not reasonably calculated to lead to the discovery of admissible evidence.

{EHG781211.DOC;1\12459.000005\ }
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION WITH
AMENDED RESPONSES THERETO - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

### Privileged and Trial Preparation Materials

MicroAire objects to all discovery requests to the extent they call for information or documents that fall within any relevant privilege, including the attorney/client privilege or the work product doctrine, or which constitute trial preparation materials within the meaning of the Civil and Local Rules.

### No Waiver

Nothing set forth in MicroAire's specific objection is intended as or should be construed as a waiver of the above general objections, or of any other specific objection set forth.

## II. REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1: Admit that John Pascaloff was the representative designated by MicroAire Surgical Instruments, LLC ("MicroAire") to appear in response to plaintiff's Second Amended Notice of 30(b)(6) Deposition.

RESPONSE:

Admit.

REQUEST FOR ADMISSION NO. 2: Admit that John Pascaloff was the only representative designated by MicroAire to appear in response to plaintiff's Second Amended Notice of 30(b)(6) Deposition.

RESPONSE:

Admit.

REQUEST FOR ADMISSION NO. 3: Admit that John Pascaloff is the Director of Engineering for MicroAire.

{EHG781211.DOC;1\12459.000005\ }
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION WITH
AMENDED RESPONSES THERETO - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

RESPONSE:

Objection. This request is vague as to timeframe. Notwithstanding and subject to these objections, MicroAire responds as follows: Deny. Mr. Pascaloff's current title is "Engineering Group Director."

REQUEST FOR ADMISSION NO. 4: Admit that John Pascaloff has been the Director of Engineering for MicroAire since at least 2001.

RESPONSE:

Deny. Admit that Mr. Pascaloff has been the Engineering Group Director since at least 2001.

REQUEST FOR ADMISSION NO. 5: Admit that since 1997, John Pascaloff was the primary signatory on all fault tree analysis conducted for power instruments manufactured by MicroAire.

RESPONSE:

Objection. The terms "primary" and "power instruments" are undefined and ambiguous. Notwithstanding and subject to these objections, MicroAire responds as follows: Deny Mr. Pascaloff was the primary signatory on all fault tree analyses conducted for power instruments manufactured by MicroAire. Since approximately 1997, Mr. Pascaloff served as a signatory on fault tree analyses for the MicroAire 2910 pneumatic drill. Other persons also served as signatories, including representatives from the marketing and quality assurance departments.

{EHG781211.DOC;1\12459.000005\ }
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION WITH
AMENDED RESPONSES THERETO - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  Additionally, other engineers served as signatories.

**REQUEST FOR ADMISSION NO. 6:**  Admit that the MicroAire 2910-100 is a power instrument.

**RESPONSE:**

Objection. The term "power instrument" is undefined and vague. Notwithstanding and subject to these objections, MicroAire responds as follows: Admit that the MicroAire 2910-100 is a pneumatic power instrument.

**REQUEST FOR ADMISSION NO. 7:**  Admit that the only risk identified by John Pascaloff arising from improper cleaning of the MicroAire 2910-100 was that the burr may become overheated.

**RESPONSE:**

Objection. This request is vague and ambiguous. It does not indicate when Mr. Pascaloff "identified" the risks addressed in this Request for Admission. Notwithstanding and subject to these objections, MicroAire responds as follows: As to his deposition, deny that Mr. Pascaloff identified an overheating burr as the only risk arising from improper cleaning. Deny that an overheating burr is the only risk associated with improper cleaning and/or maintenance. Improper cleaning and/or maintenance may cause performance problems. Improper maintenance, including, but not limited to, third party repairs, may change the decibel level.

{EHG781211.DOC;1\12459.000005\ }
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION WITH
AMENDED RESPONSES THERETO - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

REQUEST FOR ADMISSION NO. 8: Admit that there is no record of MicroAire analyzing the risk of excessive noise being generated by the MicroAire 2910-100 surgical drill prior to the commencement of this lawsuit.

RESPONSE:

Objection. The term "excessive noise" is vague and undefined. Notwithstanding and subject to these objections, MicroAire responds as follows: Admit. Deny noise excessive, given the decibel level and duration of use. Deny recorded analysis necessary, given the decibel level and duration of use.

REQUEST FOR ADMISSION NO. 9: Admit that there is no record of MicroAire analyzing whether the noise generated by the MicroAire 2910-100 surgical drill complied with applicable OSHA standards prior to commencement of this lawsuit.

RESPONSE:

Objection. This request is vague and ambiguous, as it does not identify which "OSHA standards" plaintiffs deem "applicable." Notwithstanding and subject to these objections, MicroAire responds as follows: Admit. Deny recorded analysis necessary or required by OSHA, given the decibel level and duration of use.

REQUEST FOR ADMISSION NO. 10: Admit that MicroAire did not document whether customers registered complaints regarding noise levels generated by its surgical drills prior to commencement of this lawsuit.

RESPONSE:

Objection. The term "surgical drills" is undefined and vague. The MicroAire 2910

{EHG781211.DOC;1\12459.000005\ }
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION WITH
AMENDED RESPONSES THERETO - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

pneumatic drill is the only "surgical drill" relevant to this litigation. Notwithstanding and subject to these objections, MicroAire responds as follows: Deny.

REQUEST FOR ADMISSION NO. 11: Admit that MicroAire did not provide consumers with any warnings that the 2910-100 surgical drill may generate excessive noise levels.

RESPONSE:

Objection. The term "excessive noise levels" is vague and undefined. Notwithstanding and subject to these objections, MicroAire responds as follows: Deny noise levels were excessive. Deny MicroAire had notice of "excessive noise levels." Deny MicroAire had a duty to warn of an alleged risk of which it had no notice. Admit warnings did not address noise levels. Deny such warnings were necessary, given the decibel level and duration of use.

REQUEST FOR ADMISSION NO. 12: Admit that MicroAire did not provide consumers with any warnings that the 2910-100 surgical drill may cause noise induced hearing loss.

RESPONSE:

Objection. The term "noise induced hearing loss" is vague and undefined. Notwithstanding and subject to these objections, MicroAire responds as follows: Deny MicroAire had notice of possible noise induced hearing loss. Deny MicroAire had a duty to warn of an alleged risk of which it had no notice. Deny that the 2910-100 pneumatic drill caused noise induced hearing loss. Admit warnings did not address possibility of noise induced hearing loss.

{EHG781211.DOC;1\12459.000005\ }
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION WITH
AMENDED RESPONSES THERETO - 6

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  REQUEST FOR ADMISSION NO. 13: Admit that the instructional manual(s) provided with the
2  MicroAire 2910-100 surgical drill did not inform consumers to utilize hearing protection while
3  operating the product.

4  RESPONSE:

5  Deny MicroAire had notice of possible noise induced hearing loss. Deny MicroAire had
6  a duty to warn of an alleged risk of which it had no notice. Deny that the 2910-100 pneumatic
7  drill caused noise induced hearing loss. Admit that warnings contained in the instruction
8  manual(s) provided with the MicroAire 2910-100 surgical drill did not address utilizing hearing
9
10 protection while operating the product.

11
12
13
14 REQUEST FOR ADMISSION NO. 14: Admit that the instructional manual(s) provided with the
15 MicroAire 2910-100 surgical drill did not instruct consumers that the product may cause noise
16 induced hearing loss.

17   RESPONSE:

18   Objection. The term "noise induced hearing loss" is vague and undefined.
19 Notwithstanding and subject to these objections, MicroAire responds as follows: Deny
20 MicroAire had notice of possible noise induced hearing loss. Deny MicroAire had a duty to warn
21 of an alleged risk of which it had no notice. Deny that the 2910-100 pneumatic drill caused noise
22
23 induced hearing loss. Admit instruction manual(s) provided with the MicroAire 2910-100
24 surgical drill did not address alleged noise induced hearing loss.

25
26

{EHG781211.DOC;1\12459.000005\ }
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION WITH
AMENDED RESPONSES THERETO - 7

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

REQUEST FOR ADMISSION NO. 15: Admit that oral maxillofacial surgeons were the target purchasers for the MicroAire 2910-100 surgical drill.

RESPONSE:

Admit.

REQUEST FOR ADMISSION NO. 16: Admit that prior to working for MicroAire, John Pascaloff was the product development manager for Hall.

RESPONSE:

Admit that prior to his employment at MicroAire, Mr. Pascaloff worked at Hall as a Manager of Product Development.

REQUEST FOR ADMISSION NO. 17: Admit that while employed by Hall, John Pascaloff's job duties included the development of new Hall/ConMed Linvatec ("Hall") surgical instruments.

RESPONSE:

Deny that Mr. Pascaloff was employed by ConMed Linvatec. Admit he was employed by Hall. Admit his job duties included supporting the development of new Hall surgical instruments.

{EHG781211.DOC;1\12459.000005\ }
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION WITH
AMENDED RESPONSES THERETO - 8

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  REQUEST FOR ADMISSION NO. 18: Admit that John Pascaloff identified Hall's Surgairtome
2  Two as a competitive product to MicroAire's 2910-100 surgical drill prior to the 2910-100 being
3  discontinued.

4  RESPONSE:
5  Admit.

8  REQUEST FOR ADMISSION NO. 19: Admit that the MicroAire's 2910-100 surgical drill did
9  not utilize a noise muffling system.

10  RESPONSE:
11  Objection. The term "noise muffling system" is vague and undefined. Notwithstanding
12  and subject to these objections, MicroAire responds as follows: Admit that the MicroAire 2910-
13  100 surgical drill did not utilize a muffler. Deny that it contained no means to decrease decibel
14  level.

18  REQUEST FOR ADMISSION NO. 20: Admit that the MicroAire's 2910-100 surgical drill did
19  not contain component parts designed to lessen noise.
20
21  RESPONSE:
22  Objection. The term "lessen noise" is vague and undefined. Notwithstanding and subject
23  to these objections, MicroAire responds as follows: Admit that Mr. Pascaloff's deposition
24  contains the following testimony:

25      Q.    . . . . Are there any parts in this file, Exhibit 5, that were placed on the device in
              order to lessen or reduce noise?
26

{EHG781211.DOC;1\12459.00005\}
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION WITH
AMENDED RESPONSES THERETO - 9

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  A.  There are none.

Deny that counsel defined the term "lessen noise" in the deposition. Deny that the MicroAire 2910-100 surgical drill contained no component parts designed to decrease decibel level.

REQUEST FOR ADMISSION NO. 21: Admit that while Pascaloff was employed by Hall, the Surgairtome Two surgical drill utilized an exhaust muffling device.

RESPONSE:

Admit that the Surgairtome Two surgical drill utilized a device labeled as a "muffler" during Mr. Pascaloff's employment at Hall. Deny that this device functioned as a muffler to decrease decibel level.

REQUEST FOR ADMISSION NO. 22: Admit that, while employed by Hall, John Pascaloff signed off on the engineering design drawings for the exhaust muffling component of the Surgairtome Two surgical drill.

RESPONSE:

Admit that Mr. Pascaloff signed engineering drawings for a component labeled as a "muffler" while employed by Hall. Deny that this device functioned as a muffler to decrease decibel level.

{EHG781211.DOC;1\12459.000005\}
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION WITH
AMENDED RESPONSES THERETO - 10

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  REQUEST FOR ADMISSION NO. 23: Admit that, according to John Pascaloff, one of the
2  purposes of the exhaust muffling device utilized by Hall on its Surgairtome Two surgical drill
3  was to lessen noise.

4  RESPONSE:

5  Objection. This request is vague and ambiguous. The term "lessen noise" is vague and
6  undefined. Notwithstanding and subject to these objections, MicroAire responds as follows:
7  Admit that Mr. Pascaloff's deposition contains the following testimony:

    Q.    And you had indicated earlier -- and this exhaust muffler, one of the purposes behind this exhaust muffler was to lessen noise; correct?

    A.    Correct.

Deny that counsel defined the term "lessen noise" in the deposition. Deny that one of the purposes of the exhaust muffling device utilized by Hall on its Surgairtome Two surgical drill was to decrease decibel level.

AMENDED RESPONSES DATED this 16th day of April, 2010.

OGDEN MURPHY WALLACE, PLLC

By _____
Lee Corkrum, WSBA No. 6585
Emily Harris Gant, WSBA No. 35679
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101
Tel.: (206) 447-7000
Fax: (206) 447-0215
egant@omwlaw.com
Attorneys for Defendant

{EHG781211.DOC;1\12459.000005\ }
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION WITH
AMENDED RESPONSES THERETO - 11

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

**EXHIBIT 5**



# OGDEN MURPHY WALLACE
P.L.L.C.
ATTORNEYS AT LAW

EMILY HARRIS GANT
egant@omwlaw.com
206.447.7204

April 16, 2010

**VIA EMAIL AND HAND DELIVERY**
Marty McLean
HAGENS BERMAN SOBOL SHAPIRO
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101

Re:   *Erickson v. MicroAire*

Dear Mr. McLean:

Enclosed please find Amended Responses to Plaintiffs' First Requests for Admission. It is our position that the original Responses were true and accurate. We have evaluated your concerns and amended for clarity, however.

We are troubled by the timing of your Motion to Compel. We promised to timely amend by Friday, April 16, 2010, and have done so. As such, your Motion to Compel "jumped the gun."

Regardless, we trust that the Amended Responses alleviate your concerns, and that you will strike the Motion to Compel. Please provide written confirmation of your intent, such that we need not oppose your motion.

Very truly yours,

OGDEN MURPHY WALLACE, P.L.L.C.

*Emily Gant* (signature)

Emily Harris Gant

EHG
cc:   Tony Shapiro

Established 1902
A Member of the International Lawyers Network with independent member law firms worldwide
{EHG781884.DOC;1\12459.000005\ }
1601 Fifth Avenue, Suite 2100   •   Seattle, WA 98101-1686   •   206.447.7000   •   Fax: 206.447.0215   •   Web: www.omwlaw.com