Exhibit 1

HONORABLE FRANKLIN D. BURGESS

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  TODD and ANNE ERICKSON, individually and  )
the marital community comprised thereof,          )
11                                                                    )      NO. C08-5745-FDB
              Plaintiffs,                                        )
12                                                                    )      DEFENDANT'S FIRST SET OF REQUESTS
       v.                                                          )      FOR PRODUCTION OF DOCUMENTS AND
13                                                                    )      INTERROGATORIES TO PLAINTIFF ANNE
MICROAIRE SURGICAL INSTRUMENTS,    )      ERICKSON
14  LLC, a Virginia Limited Liability Company doing )
business in the State of Washington,                )
15                                                                    )
              Defendant.                                       )
16  _____ )

17  To:           ANNE ERICKSON

18  And To:       Tony Shapiro and Martin McLean, her attorneys of record

19           In accordance with Federal Rules of Civil Procedure 26, 33 and 34, you will please

20  answer the following interrogatories and produce for inspection and copying by defendant, the

21  following designated documents and things in the offices of the attorneys for Ogden Murphy

22  Wallace, 1601 Fifth Avenue, Suite 2100, Seattle, Washington 98101-1686, within thirty (30)

23

24  days of the date these interrogatories and requests for production are served upon you.

25           THESE INTERROGATORIES AND REQUESTS FOR PRODUCTION ARE TO BE

26  TREATED AS CONTINUING.  If information is not available within the time limits of the

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  Federal Rules of Civil Procedure, you must answer each interrogatory and request for production

2  as fully as possible within the time limit and furnish additional information when it becomes

3  avail-able. If additional information is discovered between the time of making these answers and

4  the time of trial, these interrogatories and requests for production are directed to that information.

5  If such information is not furnished, the undersigned will move at the time of trial to exclude

6  from evidence any information requested and not furnished.

7

8                                      **DEFINITIONS**

9      "Document" or "Documents" includes, but is not limited to, writings of every kind,

10  source, and authorship, both originals and non-identical copies thereof, as well as all drafts or

11  summaries, in whole or in part, in Your possession, custody, or control. A writing includes but is

12  not limited to letters, words, numbers, data compilations (including field data or field notes),

13  calculations, pictures, drawings, photographs, symbols, sounds, or combinations thereof or their

14  equivalent, including any and all handwritten, typewritten, printed, photocopied, or recorded

15  matter, regardless of the media used, and specifically any and all correspondence, e-mails,

16  Electronic Media, Electronically Stored Information, transcripts of testimonies, letters,

17  memoranda, notes, reports, papers, files, books, records, contracts, agreements, telegrams,

18  teletypes and other communications sent or received, diaries, calendars, telephone logs, drafts,

19  work papers, agenda, bulletins, notices, announcements, instructions, charts, maps, plans,

20  photographs, microfilm, data processed or image processed document, information stored or

21  maintained electronically or by sound-recording or in a similar device, manuals, brochures,

22  schedules, summaries, notes, minutes and other records and recordings of any conferences,

23  meetings, visits, statements, interviews, or telephone conversations, bills, statements, and other

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1 records of obligations and expenditures, cancelled checks, vouchers, receipts, and other records

2 of payments, financial data, analysis, statements, interviews, affidavits, printed matter (including

3 books, articles, speeches, newspaper clippings), press releases, file memoranda or other internal

4 documents, and photographs, and all drafts and/or non-identical copies thereof.

5

6 "Electronically Stored Information" includes but is not limited to writings, drawings,

7 graphs, charts, photographs, sound recordings, images and other data or data compilations stored

8 in any medium from which information can be obtained either directly or, if necessary, after

9 translation by the responding party into a reasonably usable form.

10

11 "Electronic Media" includes, but is not limited to, all computer-generated, processed or

12 stored information, e-mail, databases, data, word processing files, backup tapes, files, disks, hard

13 drives and any other electronically stored information, in its native format, including all

14 metadata.

15 "Communication" or "Communications" includes, but is not limited to, all verbal,

16 written, magnetic, digital, analog, electronic, and oral voice or data communications, transfers,

17 discussions , capture or exchanges of information or ideas, including those comprised of or

18 contained in conversations, conferences, meetings, seminars, presentations, correspondence,

19

20 documents, brochures, pamphlets, records, facsimiles, telecopies, voice mail, electronic mail,

21 Electronic Media, computer, cellular or digital media, photo-optic or analog media, magnetic

22 media, telex transmissions and/or communications conveyed by an electronic device.

23 "Concerning" or "Concerns" includes, but is not limited to, the following meanings:

24 relating to, referring to, pertaining to, regarding, constituting, discussing, mentioning, containing,

25 reflecting, evidencing, referencing, involving, arising out of, in connection with, describing,

26

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

displaying, showing, and identifying.

"Health Care Providers" shall refer to any doctors, nurses, psychiatrists, psychologists, counselors, osteopaths, chiropractors, mental health professionals, and any other person provided medical treatment or advice.

"Identify" or "Identity" when used in reference to an individual person means to state his full name and present address, his present or last-known position and business affiliation, and his position and affiliation at the time in question. "Identify" or "identity," when used in reference to a document, means to state the date and author, type of document (e.g., letter, memorandum, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. If any such document was in your possession, but is no longer in your possession or subject to your control, explain the disposition of the document.

"SOMS" means Sound Oral & Maxillofacial Surgery, P.S. and all derivations and abbreviations of Sound Oral & Maxillofacial Surgery, including but not limited to, "Sound Oral," "Dr. Robert Todd Erickson, DDS," "Sound Oral Surgery," "SOMS," "Dr. Robert Erickson," "SOMS Inc., P.S.," and "Sound Oral Maxillofacial."

"You" or "Your" shall mean Plaintiffs Todd and Anne Erickson, and SOMS, and each predecessor, successor, Affiliate, director, owner, member, manager, officer, attorney, agent, employee or representative of SOMS, and any other Person acting on SOMS' behalf or under its control.

NOTE:  The information sought in these interrogatories and requests for production is intended to include any and all information and witnesses known to plaintiff, his agents or attorneys.

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1   REQUEST FOR PRODUCTION NO. 1:  Please produce all documents showing or concerning

2   any and all marketing plans, business plans, production quotas, and/or production goals, for

3   SOMS from January 1, 1997 through the date that SOMS was sold.

4       RESPONSE:

5

6

7

8   REQUEST FOR PRODUCTION NO. 2:  Please produce all documents concerning any and all

9   evaluations, reviews, or performance appraisals of any SOMS employees, from January 1, 1997

10  through the date that SOMS was sold.

11      RESPONSE:

12

13

14

15  REQUEST FOR PRODUCTION NO. 3:   Please produce all documents concerning any

16  collections made by SOMS, and production numbers, from January 1, 1997 through the date that

17  SOMS was sold.

18      RESPONSE:

19

20

21

22  REQUEST FOR PRODUCTION NO. 4:  Please produce all documents showing the number of

23  hours per day patients were seen at SOMS, including but not limited to any schedules, diaries,

24  and/or calendars, from January 1, 1997 through the date that SOMS was sold.

25      RESPONSE:

26

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2

3

<u>REQUEST FOR PRODUCTION NO. 5</u>:   Please produce all employee resumes and records

4

showing the dates of employment for each employee, from January 1, 1997 through the date that

5

SOMS was sold.

6

RESPONSE:

7

8

9

10

<u>REQUEST FOR PRODUCTION NO. 6</u>:   Please produce any documents containing any lists of

11

all employees of SOMS from January 1, 1997 through the date that SOMS was sold.

12

RESPONSE:

13

14

15

16

<u>INTERROGATORY NO. 1</u>:   Are you making a claim for loss of consortium?  If so, please state

17

the total amount you are claiming, the method by which this amount was computed or

18

determined, and a full description of the basis for your claim.

19

ANSWER:

20

21

22

23

<u>REQUEST FOR PRODUCTION NO. 7</u>:   Please produce copies of all records concerning or

24

supporting your answer to the preceding interrogatory.

25

RESPONSE:

26

{JDA771474.DOC; 1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 6

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2

3

4   REQUEST FOR PRODUCTION NO. 8:  Produce all drills used in your spouse's oral surgical

5   practice in your possession, custody, or control.  This includes, but is not limited to, the eleven

6   (11) pneumatic drills referenced in Dr. Erickson's deposition.

7       RESPONSE:

8

9

10

11  REQUEST FOR PRODUCTION NO. 9:  Produce all documents concerning the Levin Group,

12  Inc., or Barry Levin, including but not limited to all files, contracts, meeting plans, notes,

13  recommendations, analyses, suggestions, critiques, and documents referencing Jennifer Flint,

14  Jennifer Alexander, and Mark Cardwell.

15      RESPONSE:

16

17

18

19  REQUEST FOR PRODUCTION NO. 10:  Produce all documents concerning the lawsuit

20  captioned *Forshey v. SOMS, Inc. et. al.* (W.D. Wash. Case No. C06-5335-RJB).

21      RESPONSE:

22

23

24

25  REQUEST FOR PRODUCTION NO. 11:  Produce all pleadings, deposition transcripts with

26  exhibits,   audio   and/or   videotapes   of   depositions,   witness   statements,   expert   reports,

{JDA771474.DOC;1\12459.000009\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 7

1   correspondence, and settlement agreements concerning the case captioned *Forshey v. SOMS, Inc.*

2   *et. al.* (W.D. Wash. Case No. C06-5335-RJB).  This request specifically excludes any materials

3   subject to the attorney-client privilege and/or work product doctrine.

4       RESPONSE:

5

6

7

8   REQUEST FOR PRODUCTION NO. 12:  Produce all employment contracts regarding Jennifer

9   Forshey.

10      RESPONSE:

11

12

13

14  REQUEST FOR PRODUCTION NO. 13:  Produce the notebook referenced on page 142 of Dr.

15  Erickson's deposition.

16      RESPONSE:

17

18

19

20  REQUEST FOR PRODUCTION NO. 14:  Produce all documents relevant to your spouse's

21  interactions with the Dental Quality Assurance Commission, including, but not limited to,

22  complaints, charges, responses, stipulations, correspondence, or any other filings.

23      RESPONSE:

24

25

26

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 8

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    REQUEST FOR PRODUCTION NO. 15:  Produce all documents concerning any disability

2    insurance in you or your spouse's name, including but not limited to the application, policy,

3    claims, and correspondence.

4        RESPONSE:

5

6

7

8    REQUEST FOR PRODUCTION NO. 16:  Produce all documents concerning any and all golf

9    academies, institutions, and/or schools in which your son is/was enrolled, including but not

10   limited to all correspondence, brochures, registrations, bills, receipts, cancelled checks, and

11   programs.

12       RESPONSE:

13

14

15

16   INTERROGATORY NO. 2:   Identify all accountants and/or any other financial professionals

17   hired and/or used by you, your spouse, or SOMS from January 1, 1997 through the present.

18       ANSWER:

19

20

21

22   REQUEST FOR PRODUCTION NO. 17:  Produce all credit card statements, investments, bank

23   statements, check registers, data from any accounting software, and cancelled checks, concerning

24   SOMS.

25       RESPONSE:

26

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 9

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2

3

REQUEST FOR PRODUCTION NO. 18:  Produce all credit card statements, investments, bank

statements, check registers, data from any accounting software, and cancelled checks, concerning

you and/or your spouse.

RESPONSE:

REQUEST FOR PRODUCTION NO. 19:  Produce all documents concerning you and your

spouse's liabilities, assets, and investments.

RESPONSE:

REQUEST FOR PRODUCTION NO. 20:  Produce all billing records for SOMS.

RESPONSE:

REQUEST FOR PRODUCTION NO. 21:  Produce all documents concerning insurance for

SOMS, including but not limited to any policies, applications, endorsements, claims, and

correspondence.

RESPONSE:

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 10

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2   REQUEST FOR PRODUCTION NO. 22:  Produce SOMS's document retention policy.

3        RESPONSE:

4

5

6

7   REQUEST FOR PRODUCTION NO. 23:  Produce all OSHA/WISHA manuals, records, training

8   materials, and brochures your/your spouse's practice at SOMS.

9        RESPONSE:

10

11

12

13   REQUEST FOR PRODUCTION NO. 24:  Produce all documents concerning Harris Biomedical.

14        RESPONSE:

15

16

17

18   INTERROGATORY NO. 3:  Please list each school or educational institution that you have

19   attended, including the dates of attendance, date of graduation, degree obtained, and major or

20   course of study.

21        ANSWER:

22

23

24

25   INTERROGATORY NO. 4:  List the names and addresses of all health care providers, including

26   but not limited to all doctors, nurses, psychiatrists, psychologists, counselors, osteopaths,

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 11

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1   chiropractors, mental health professionals, and any other person who provided health care to you

2   or your spouse since your hearing loss first began.

3       ANSWER:

4

5

6

7   REQUEST FOR PRODUCTION NO. 25:  Produce all documents concerning the preceding

8   interrogatory, including but not limited to all medical and billing records.

9       RESPONSE:

10

11

12

13  INTERROGATORY NO. 5:  Please list the names and addresses of all mental health care

14  providers, including but not limited to psychologists, psychiatrists, counselors, social workers,

15  and therapists, that you and/or your spouse saw prior to your spouse's hearing loss beginning.

16      ANSWER:

17

18

19

20  REQUEST FOR PRODUCTION NO. 26:  Produce all documents concerning the preceding

21  interrogatory, including but not limited to all records and billing records.

22      RESPONSE:

23

24

25

26

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 12

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1 | REQUEST FOR PRODUCTION NO. 27: Produce all textbooks, journals, articles, and surveys

2 | concerning Oral & Maxillofacial surgery that you, your spouse, or SOMS received from 1985

3 | through the present, including but not limited to, the Journal of Oral & Maxillofacial Surgery,

4 | Journal of the American Dental Association, and Compendium.

5 |     RESPONSE:

6

7

8

9 | REQUEST FOR PRODUCTION NO. 28: Produce all documents concerning Don Dixon and/or

10 | Dixon Orthopedics.

11 |     RESPONSE:

12

13

14 | REQUEST FOR PRODUCTION NO. 29: Produce all documents concerning the pre-cordial

15 | stethoscope(s) used during your spouse's practice, including, but not limited to, instruction

16 | manuals, brochures, and invoices.

17 |     RESPONSE:

18

19

20

21 | REQUEST FOR PRODUCTION NO. 30: Produce all pre-cordial stethoscopes used in your

22 | spouse's practice from 1997 through the date you sold SOMS.

23 |     RESPONSE:

24

25

26

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2   <u>REQUEST FOR PRODUCTION NO. 31</u>:  Produce all documents concerning the noise output

3   through the pre-cordial stethoscope during operation of the drills.

4       RESPONSE:

5

6

7

8

9   <u>REQUEST FOR PRODUCTION NO. 32</u>:  Produce all documents concerning any consultations

10  with practice or business consultants, including but not limited to Dick Jackson.

11

12      RESPONSE:

13

14

15  <u>REQUEST FOR PRODUCTION NO. 33</u>:  Produce all documents concerning any lawsuits

16  against or brought by John Godulas.

17

18      RESPONSE:

19

20

21  <u>REQUEST FOR PRODUCTION NO. 34</u>:  Produce all documents concerning any lawsuits

22  against or brought by Mark Paxton

23

24      RESPONSE:

25

26

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 14

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    REQUEST FOR PRODUCTION NO. 35:  Produce all documents concerning dosimetry studies

2    prepared at the request of you, your spouse, or SOMS.

3         RESPONSE:

4

5

6

7    INTERROGATORY NO. 6:  Identify everywhere that you and/or your spouse have traveled by

8    airplane from January 1, 2000 to the present, including the location to which you traveled, the

9    name of the hotel or place where you stayed, the dates of travel, and the purpose of the travel.

10        ANSWER:

11

12

13

14   INTERROGATORY NO. 7:   Please list all of SOMS's fixed assets and their associated

15   depreciation indicating the date acquired, cost of asset, and deprecation life.

16        ANSWER:

17

18

19

20   REQUEST FOR PRODUCTION 36:  Please produce all documents concerning or showing the

21   base salary paid to you and/or your spouse by SOMS.

22        RESPONSE:

23

24

25

26   REQUEST FOR PRODUCTION 37:  Please produce all documents concerning all distributions

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 15

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1 taken by you and/or your spouse from SOMS.

2    RESPONSE:

3

4

5

6 REQUEST FOR PRODUCTION 38:  Please produce all job improvement plans, work plans, or

7 performance plans for all SOMS's employees from January 1, 2003 through the date that SOMS

8 was sold.

9    RESPONSE:

10

11

12

13 REQUEST FOR PRODUCTION NO. 39:   Please produce the PRC Manual, all marketing

14 recommendations, suggestions, and critiques, referenced in Exhibit D to the Declaration of

15 Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D. Wash. Case No. C06-5335-RJB).

16    RESPONSE:

17

18

19

20 REQUEST FOR PRODUCTION NO. 40:  Please produce the Phase 1 Implementation Plan for

21 the Profitability Program, referenced in Exhibit D to the Declaration of Steven Teller, filed in

22 *Forshey v. SOMS, Inc. et. al.* (W.D. Wash. Case No. C06-5335-RJB).

23    RESPONSE:

24

25

26

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 16

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1   REQUEST FOR PRODUCTION NO. 41:  Please produce all documents concerning or showing

2   SOMS's employees' job descriptions.

3       RESPONSE:

4

5

6

7   REQUEST FOR PRODUCTION NO. 42:  Please produce the procedure manual referenced in

8   Exhibit D to the Declaration of Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D. Wash.

9   Case No. C06-5335-RJB).

10      RESPONSE:

11

12

13

14  REQUEST FOR PRODUCTION NO. 43:  Please produce the policy manual referenced in

15  Exhibit D to the Declaration of Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D. Wash.

16  Case No. C06-5335-RJB).

17      RESPONSE:

18

19

20

21  REQUEST FOR PRODUCTION NO. 44:  Please produce all procedural time studies referenced

22  in Exhibit D to the Declaration of Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D.

23  Wash. Case No. C06-5335-RJB).

24      RESPONSE:

25

26

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 17

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2  REQUEST FOR PRODUCTION NO. 45:  Please produce the staff and gap analysis referenced

3  in Exhibit D to the Declaration of Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D.

4  Wash. Case No. C06-5335-RJB).

5      RESPONSE:

6

7

8

9  REQUEST FOR PRODUCTION NO. 46:  Please produce the all documents sent to SOMS's,

10  your, or your spouse's liability insurance carrier.

11      RESPONSE:

12

13

14

15  REQUEST FOR PRODUCTION NO. 47:  Please produce all documents produced by SOMS,

16  you, or your spouse to SOMS and/or Dr. Erickson's malpractice insurance carrier.

17      RESPONSE:

18

19

20

21  REQUEST FOR PRODUCTION 48:  Please produce records concerning the treatment of all

22  patients seen by your spouse and/or SOMS from January 1, 2005 through the date that SOMS

23  was sold.  You may redact names and identifying information from the records.

24      RESPONSE:

25

26

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 18

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2  REQUEST FOR PRODUCTION NO. 49:   Produce all documents concerning the "financial

3  difficulty" mentioned by Dr. Nussbaum in her progress note dates December 17, 2009.

4       RESPONSE:

5

6

7

8  REQUEST FOR PRODUCTION 50:   Please produce the OMS Policy Manual referenced in

9  Exhibit D to the Declaration of Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D. Wash.

10  Case No. C06-5335-RJB).

11       RESPONSE:

12

13

14

15       DATED this 19th day of March, 2010.

16

17                              OGDEN MURPHY WALLACE, PLLC

18
    DECLARATION OF SERVICE
19  I hereby declare that I sent a copy of the document on    By  Emily Gant. Mart
    which this declaration appears via fax/mail/messenger
20  service to _Mclean_                              Lee Corkrum, WSBA No. 6585
    I declare under penalty of perjury of the laws of the     Emily Gant, WSBA No. 35679
21  State of Washington that the foregoing is true and correct.  1601 Fifth Avenue, Suite 2100
    Executed at Seattle, WA on _3/19/10_              Seattle, Washington 98101
22  Signed by: _Sue Mills_                           Tel.: (206) 447-7000
                                                     Fax:  (206) 447-0215
23                                                   egant@omwlaw.com
                                                     Attorneys for Defendant
24

25

26

{JDA771474.DOC;1\12459.000005\ }
DEFENDANT'S FIRST SET OF DISCOVERY TO ANNE
ERICKSON - 19

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1   RESPONSES DATED this _____ day of April, 2010.

2                                        HAGENS BERMAN SOBOL SHAPIRO, LLP

3

4                        By   _____
                              Anthony D. Shapiro, WSBA #12824
5                             David P. Moody, WSBA #22853
                              Martin D. McLean, WSBA #33269
6                             1918 – 8th Avenue, Suite 3300
                              Seattle, WA  98101
7                             Ph.:  (206) 623-7292
                              Fax:  (206) 624-0450
8                             Attorneys for Plaintiffs

9

10                              VERIFICATION

11  STATE OF _____)
                                  ) ss.
12  COUNTY OF _____)

13      I, _____, certify under penalty of perjury under the laws of the

14  State of _____ that the foregoing answers and responses are true and correct.

15      DATED this ____ day of April, 2010.

16

17                                     _____

18      SUBSCRIBED AND SWORD TO before me this ____ day of _____, 2010.

19

20                                     _____
                                       NOTARY  PUBLIC  in  and  for  the  State  of
21                                     _____, residing at
                                       _____.
22                                     My commission expires: _____.

23

24

25

26

Exhibit 2

HONORABLE FRANKLIN D. BURGESS

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                            AT TACOMA

10   TODD and ANNE ERICKSON, individually and    )
     the marital community comprised thereof,     )
11                                                )   NO. C08-5745-FDB
                    Plaintiffs,                   )
12                                                )   DEFENDANT'S SECOND SET OF
            v.                                    )   REQUESTS FOR PRODUCTION OF
13                                                )   DOCUMENTS TO PLAINTIFF TODD
     MICROAIRE SURGICAL INSTRUMENTS,             )   ERICKSON
14   LLC, a Virginia Limited Liability Company doing )
     business in the State of Washington,         )
15                                                )
                    Defendant.                    )
16   _____ )

17   To:        TODD ERICKSON

18   And To:    Tony Shapiro and Martin McLean, his attorney of record

19          In accordance with Federal Rules of Civil Procedure 26, 33 and 34, you will please

20   answer the following interrogatories and produce for inspection and copying by defendant, the

21   following designated documents and things in the offices of the attorneys for Ogden Murphy

22   Wallace, 1601 Fifth Avenue, Suite 2100, Seattle, Washington 98101-1686, within thirty (30)

23   days of the date these interrogatories and requests for production are served upon you.

24

25          THESE INTERROGATORIES AND REQUESTS FOR PRODUCTION ARE TO BE

26   TREATED AS CONTINUING.  If information is not available within the time limits of the

---

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 1

1   Federal Rules of Civil Procedure, you must answer each interrogatory and request for production

2   as fully as possible within the time limit and furnish additional information when it becomes

3   avail-able.  If additional information is discovered between the time of making these answers and

4   the time of trial, these interrogatories and requests for production are directed to that information.

5   If such information is not furnished, the undersigned will move at the time of trial to exclude

6

7   from evidence any information requested and not furnished.

8                                    **DEFINITIONS**

9        "Document" or "Documents" includes, but is not limited to, writings of every kind,

10  source, and authorship, both originals and non-identical copies thereof, as well as all drafts or

11  summaries, in whole or in part, in Your possession, custody, or control.  A writing includes but is

12  not limited to letters, words, numbers, data compilations (including field data or field notes),

13

14  calculations, pictures, drawings, photographs, symbols, sounds, or combinations thereof or their

15  equivalent, including any and all handwritten, typewritten, printed, photocopied, or recorded

16  matter, regardless of the media used, and specifically any and all correspondence, e-mails,

17

18  Electronic Media, Electronically Stored Information, transcripts of testimonies, letters,

19  memoranda, notes, reports, papers, files, books, records, contracts, agreements, telegrams,

20  teletypes and other communications sent or received, diaries, calendars, telephone logs, drafts,

21  work papers, agenda, bulletins, notices, announcements, instructions, charts, maps, plans,

22  photographs, microfilm, data processed or image processed document, information stored or

23

24  maintained electronically or by sound-recording or in a similar device, manuals, brochures,

25  schedules, summaries, notes, minutes and other records and recordings of any conferences,

26  meetings, visits, statements, interviews, or telephone conversations, bills, statements, and other

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

records of obligations and expenditures, cancelled checks, vouchers, receipts, and other records of payments, financial data, analysis, statements, interviews, affidavits, printed matter (including books, articles, speeches, newspaper clippings), press releases, file memoranda or other internal documents, and photographs, and all drafts and/or non-identical copies thereof.

"Electronically Stored Information" includes but is not limited to writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

"Electronic Media" includes, but is not limited to, all computer-generated, processed or stored information, e-mail, databases, data, word processing files, backup tapes, files, disks, hard drives and any other electronically stored information, in its native format, including all metadata.

"Communication" or "Communications" includes, but is not limited to, all verbal, written, magnetic, digital, analog, electronic, and oral voice or data communications, transfers, discussions, capture or exchanges of information or ideas, including those comprised of or contained in conversations, conferences, meetings, seminars, presentations, correspondence, documents, brochures, pamphlets, records, facsimiles, telecopies, voice mail, electronic mail, Electronic Media, computer, cellular or digital media, photo-optic or analog media, magnetic media, telex transmissions and/or communications conveyed by an electronic device.

"Concerning" or "Concerns" includes, but is not limited to, the following meanings: relating to, referring to, pertaining to, regarding, constituting, discussing, mentioning, containing, reflecting, evidencing, referencing, involving, arising out of, in connection with, describing,

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  displaying, showing, and identifying.

2     "Health Care Providers" shall refer to any doctors, nurses, psychiatrists, psychologists,

3  counselors, osteopaths, chiropractors, mental health professionals, and any other person provided

4  medical treatment or advice.

5     "Identify" or "Identity" when used in reference to an individual person means to state his

6  full name and present address, his present or last-known position and business affiliation, and his

7  position and affiliation at the time in question. "Identify" or "identity," when used in reference to

8  a document, means to state the date and author, type of document (e.g., letter, memorandum,

9  telegram, chart, etc.) or some other means of identifying it, and its present location or custodian.

10  If any such document was in your possession, but is no longer in your possession or subject to

11  your control, explain the disposition of the document.

12     "SOMS" means Sound Oral & Maxillofacial Surgery, P.S. and all derivations and

13  abbreviations of Sound Oral & Maxillofacial Surgery, including but not limited to, "Sound Oral,"

14  "Dr. Robert Todd Erickson, DDS," "Sound Oral Surgery," "SOMS," "Dr. Robert Erickson,"

15  "SOMS Inc., P.S." and "Sound Oral Maxillofacial."

16     "You" or "Your" shall mean Plaintiffs Todd and Anne Erickson, and SOMS, and each

17  predecessor, successor, Affiliate, director, owner, member, manager, officer, attorney, agent,

18  employee or representative of SOMS, and any other Person acting on SOMS' behalf or under its

19  control.

20     NOTE:  The information sought in these interrogatories and requests for production is

21  intended to include any and all information and witnesses known to plaintiff, his agents or

22  attorneys.

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  <u>REQUEST FOR PRODUCTION NO. 1</u>:  Please produce all documents showing or concerning

2  any and all marketing plans, business plans, production quotas, and/or production goals, for

3  SOMS from January 1, 1997 through the date that SOMS was sold.

4      RESPONSE:

5

6

7

8  <u>REQUEST FOR PRODUCTION NO. 2</u>:  Please produce all documents concerning any and all

9  evaluations, reviews, or performance appraisals of any SOMS employees, from January 1, 1997

10  through the date that SOMS was sold.

11      RESPONSE:

12

13

14

15  <u>REQUEST FOR PRODUCTION NO. 3</u>:   Please produce all documents concerning any

16  collections made by SOMS, and production numbers, from January 1, 1997 through the date that

17  SOMS was sold.

18      <u>RESPONSE:</u>

19

20

21

22  <u>REQUEST FOR PRODUCTION NO. 4</u>:  Please produce all documents showing the number of

23  hours per day patients were seen at SOMS, including but not limited to any schedules, diaries,

24  and/or calendars, from January 1, 1997 through the date that SOMS was sold.

25      <u>RESPONSE:</u>

26

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1
2
3
REQUEST FOR PRODUCTION NO. 5:   Please produce all employee resumes and records
4
showing the dates of employment for each employee, from January 1, 1997 through the date that
5
SOMS was sold.
6
      RESPONSE:
7
8
9
10
REQUEST FOR PRODUCTION NO. 6:   Please produce any documents containing any lists of
11
all employees of SOMS from January 1, 1997 through the date that SOMS was sold.
12
      RESPONSE:
13
14
15
16
INTERROGATORY NO. 1:   Are you making a claim for loss of consortium?  If so, please state
17
the total amount you are claiming, the method by which this amount was computed or
18
determined, and a full description of the basis for your claim.
19
      ANSWER:
20
21
22
23
REQUEST FOR PRODUCTION NO. 7:   Please produce copies of all records concerning or
24
supporting your answer to the preceding interrogatory.
25
      RESPONSE:
26

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 6

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

REQUEST FOR PRODUCTION NO. 8: Produce all drills used in your oral surgical practice in your possession, custody, or control. This includes, but is not limited to, the eleven (11) pneumatic drills referenced in your deposition.

RESPONSE:


REQUEST FOR PRODUCTION NO. 9: Produce all documents concerning the Levin Group, Inc., or Barry Levin, including but not limited to all files, contracts, meeting plans, notes, recommendations, analyses, suggestions, critiques, and documents referencing Jennifer Flint, Jennifer Alexander, and Mark Cardwell.

RESPONSE:


REQUEST FOR PRODUCTION NO. 10: Produce all documents concerning the lawsuit captioned *Forshey v. SOMS, Inc. et. al.* (W.D. Wash. Case No. C06-5335-RJB).

RESPONSE:


REQUEST FOR PRODUCTION NO. 11: Produce all pleadings, deposition transcripts with exhibits, audio and/or videotapes of depositions, witness statements, expert reports,

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 7

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1   correspondence, and settlement agreements concerning the case captioned *Forshey v. SOMS, Inc.*

2   *et. al.* (W.D. Wash. Case No. C06-5335-RJB).   This request specifically excludes any materials

3   subject to the attorney-client privilege and/or work product doctrine.

4       RESPONSE:

5

6

7

8   REQUEST FOR PRODUCTION NO. 12:  Produce all employment contracts regarding Jennifer

9   Forshey.

10       RESPONSE:

11

12

13

14   REQUEST FOR PRODUCTION NO. 13:  Produce the notebook referenced on page 142 of Dr.

15   Erickson's deposition.

16       RESPONSE:

17

18

19

20   REQUEST FOR PRODUCTION NO. 14:  Produce all documents relevant to your interactions

21   with the Dental Quality Assurance Commission, including, but not limited to, complaints,

22   charges, responses, stipulations, correspondence, or any other filings.

23       RESPONSE:

24

25

26

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 8

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  REQUEST FOR PRODUCTION NO. 15:  Produce all documents concerning any disability

2  insurance in your or your spouse's name, including but not limited to the application, policy,

3  claims, and correspondence.

4      RESPONSE:

5

6

7

8  REQUEST FOR PRODUCTION NO. 16:  Produce all documents concerning any and all golf

9  academies, institutions, and/or schools in which your son is/was enrolled, including but not

10  limited to all correspondence, brochures, registrations, bills, receipts, cancelled checks, and

11  programs.

12      RESPONSE:

13

14

15

16  INTERROGATORY NO. 2:   Identify all accountants and/or any other financial professionals

17  hired and/or used by you, your spouse, or SOMS from January 1, 1997 through the present.

18      ANSWER:

19

20

21

22  REQUEST FOR PRODUCTION NO. 17:  Produce all credit card statements, investments, bank

23  statements, check registers, data from any accounting software, and cancelled checks, concerning

24  SOMS.

25      RESPONSE:

26

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 9

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2

3

REQUEST FOR PRODUCTION NO. 18:  Produce all credit card statements, investments, bank

4

statements, check registers, data from any accounting software, and cancelled checks, concerning

5

you and/or your spouse from January 1, 1997 through the present.

6

7       RESPONSE:

8

9

10

REQUEST FOR PRODUCTION NO. 19:  Produce all documents concerning you and your

11

spouse's liabilities, assets, and investments.

12

13      RESPONSE:

14

15

16

REQUEST FOR PRODUCTION NO. 20:  Produce all billing records for SOMS.

17

18      RESPONSE:

19

20

21

REQUEST FOR PRODUCTION NO. 21:  Produce all documents concerning insurance for

22

SOMS, including but not limited to any policies, applications, endorsements, claims, and

23

correspondence.

24

25      RESPONSE:

26

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 10

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2    <u>REQUEST FOR PRODUCTION NO. 22</u>:  Produce SOMS's document retention policy.

3           RESPONSE:

4

5

6

7    <u>REQUEST FOR PRODUCTION NO. 23</u>:  Produce all OSHA/WISHA manuals, records, training

8    materials, and brochures related to your/your spouse's practice at SOMS.

9           RESPONSE:

10

11

12

13   <u>REQUEST FOR PRODUCTION NO. 24</u>:  Produce all documents concerning Harris Biomedical.

14           RESPONSE:

15

16

17

18   <u>INTERROGATORY NO. 3</u>:  List every doctor or other health care provider from whom you

19   received treatment between 1987 and 1997, including the dates and nature of the treatment

20   received.  This is meant to include, but is not limited to, not only all physicians, but also any

21   counselors, psychologists, therapists, mental health providers, addiction specialists, and/or drug

22   and alcohol rehabilitation workers or counselors.

23           ANSWER:

24

25

26

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 11

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  <u>REQUEST FOR PRODUCTION NO. 25</u>: Produce all documents concerning the preceding

2  interrogatory, including but not limited to all medical and billing records.

3    RESPONSE:

4

5

6

7  <u>REQUEST FOR PRODUCTION NO. 26</u>: Produce all textbooks, journals, articles, surveys

8  concerning Oral & Maxillofacial surgery that you, your spouse, or SOMS received from 1985

9  through the present, including but not limited to, the Journal of Oral & Maxillofacial Surgery,

10 Journal of the American Dental Association, and Compendium.

11   RESPONSE:

12

13

14

15 <u>REQUEST FOR PRODUCTION NO. 27</u>: Produce all documents concerning Don Dixon and/or

16 Dixon Orthopedics.

17   RESPONSE:

18

19

20 <u>REQUEST FOR PRODUCTION NO. 28</u>: Produce all documents concerning the pre-cordial

21 stethoscope(s) used during your practice, including, but not limited to, instruction manuals,

22 brochures, and invoices.

23   RESPONSE:

24

25

26

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  REQUEST FOR PRODUCTION NO. 29:  Produce all documents concerning the noise output
2  through the pre-cordial stethoscope during operation of the drills.

3      RESPONSE:

4

5

6

7  REQUEST FOR PRODUCTION NO. 30:  Produce all pre-cordial stethoscopes used in your
8  practice from 1997 through the date you sold SOMS.

9      RESPONSE:

10

11

12

13  REQUEST FOR PRODUCTION NO. 31:  Produce all documents concerning any consultations
14  with practice or business consultants, including but not limited to Dick Jackson.

15      RESPONSE:

16

17

18

19  REQUEST FOR PRODUCTION NO. 32:  Produce all documents concerning any lawsuits
20  against or brought by John Godulas.

21      RESPONSE:

22

23

24

25  REQUEST FOR PRODUCTION NO. 33:  Produce all documents concerning any lawsuits
26  against or brought by Mark Paxton.

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 13

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    RESPONSE:

2

3

4

5    REQUEST FOR PRODUCTION NO. 34:  Produce all documents concerning dosimetry studies

6    prepared at the request of you, your spouse, or SOMS.

7        RESPONSE:

8

9

10

11   INTERROGATORY NO. 4:  Identify everywhere that you and/or your spouse have traveled by

12   airplane from January 1, 2000 to the present, including the location to which you traveled, the

13   name of the hotel or place where you stayed, the dates of travel, and the purpose of the travel.

14       ANSWER:

15

16

17

18   INTERROGATORY NO. 5:   Please list all of SOMS's fixed assets and their associated

19   depreciation indicating the date acquired, cost of asset, and depreciation life.

20       ANSWER:

21

22

23

24   INTERROGATORY NO. 6:  Please list the name, address, and phone number all dentists that

25   referred more than 5 patients to SOMS and/or you from January 1, 1997 through the date that

26   SOMS was sold, including in your response the number of patients each dentist referred to you.

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 14

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    ANSWER:

2

3

4

5    INTERROGATORY NO. 7:  For each nurse, technician, or other professional, employed or hired

6    by SOMS or you, who was certified to monitor patients who were under general anesthesia,

7    please list their name, position, dates of employment, last known address, and telephone number.

8        ANSWER:

9

10

11

12    INTERROGATORY NO. 8:  Is it your position that no one other than Dr. Erickson was able to

13    adequately monitor patients under anesthesia within the standard of care?  If so, please explain.

14        ANSWER:

15

16

17

18    REQUEST FOR PRODUCTION 35:  The Order on Completion of Conditions in the Matter of

19    Robert Erickson (no. M2006-5849), paragraph 2.4 states that "on May 10, 2009, the commission

20    received respondent's request to eliminate the requirement that he pay the fine required under

21    paragraph 4.1 of the 2007 Agreed Order.  Respondent based his request on financial hardship and

22    submitted supporting documents."  Produce all documents and evidence submitted in support of

23    your request.

24        RESPONSE:

25

26

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 15

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2

3

REQUEST FOR PRODUCTION 36:  Please produce all documents concerning or showing the

4

base salary paid to you and/or your spouse by SOMS.

5

6       RESPONSE:

7

8

9

REQUEST FOR PRODUCTION 37:  Please produce all documents concerning all distributions

10

taken by you and/or your spouse from SOMS.

11

12      RESPONSE:

13

14

15

REQUEST FOR PRODUCTION 38:  Please produce all job improvement plans, work plans, or

16

performance plans for all SOMS's employees from January 1, 2003 through the date that SOMS

17

was sold.

18

19      RESPONSE:

20

21

INTERROGATORY NO. 9:  Please list all bonuses paid by SOMS between January 1, 2003 and

22

the date that SOMS was sold, including but not limited to the name of the person receiving the

23

bonus, the position of the recipient, the date the bonus was disbursed, and the amount of the

24

bonus.

25

26      ANSWER:

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 16

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2

3

4

5   REQUEST FOR PRODUCTION NO. 39:   Please produce the PRC Manual, all marketing

6   recommendations, suggestions, and critiques, referenced in Exhibit D to the Declaration of

7   Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D. Wash. Case No. C06-5335-RJB).

8        RESPONSE:

9

10

11

12   REQUEST FOR PRODUCTION NO. 40:   Please produce the Phase 1 Implementation Plan for

13   the Profitability Program, referenced in Exhibit D to the Declaration of Steven Teller, filed in

14   *Forshey v. SOMS, Inc. et. al.* (W.D. Wash. Case No. C06-5335-RJB).

15        RESPONSE:

16

17

18

19   REQUEST FOR PRODUCTION NO. 41:   Please produce all documents concerning or showing

20   SOMS's employees' job descriptions.

21        RESPONSE:

22

23

24

25   REQUEST FOR PRODUCTION NO. 42:   Please produce the procedure manual referenced in

26   Exhibit D to the Declaration of Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D. Wash.

1    Case No. C06-5335-RJB).

2         RESPONSE:

3

4

5

6    REQUEST FOR PRODUCTION NO. 43:   Please produce the policy manual referenced in

7    Exhibit D to the Declaration of Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D. Wash.

8    Case No. C06-5335-RJB).

9         RESPONSE:

10

11

12

13   REQUEST FOR PRODUCTION NO. 44:   Please produce all procedural time studies referenced

14   in Exhibit D to the Declaration of Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D.

15   Wash. Case No. C06-5335-RJB).

16        RESPONSE:

17

18

19   REQUEST FOR PRODUCTION NO. 45:   Please produce the staff and gap analysis referenced

20   in Exhibit D to the Declaration of Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D.

21   Wash. Case No. C06-5335-RJB).

22        RESPONSE:

23

24

25   REQUEST FOR PRODUCTION NO. 46:   Please produce all documents sent to SOMS's, your,

26   or your spouse's liability insurance carrier.

{JDA775160.DOC; 1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 18

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    RESPONSE:

2

3

4

5    REQUEST FOR PRODUCTION NO. 47:   Please produce all documents produced by SOMS,

6    you, or your spouse to SOMS's and/or Dr. Erickson's malpractice insurance carrier.

7        RESPONSE:

8

9

10   INTERROGATORY NO. 10:   Estimate, on an average day, the cumulative time you were

11   exposed to noise by MicroAire drills.

12       ANSWER:

13

14

15   REQUEST FOR PRODUCTION NO. 48:  Produce all documents relevant to your answer to  the

16   preceding interrogatory.

17       RESPONSE:

18

19

20   INTERROGATORY NO. 11:  Identify all steps taken by you and/or SOMS to protect the hearing

21   of your employees.

22       ANSWER:

23

24

25

26   INTERROGATORY NO. 12:  Please provide the name, last known address, and last known

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 19

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1   phone number of all persons employed by SOMS from January 1, 2004 through the close of the

2   business.

3       ANSWER:

4

5

6

7   INTERROGATORY NO. 13:   Identify the person/people who handled the billing for SOMS

8   from January 1, 1997 through the close of the business.

9       ANSWER:

10

11

12

13

14   REQUEST FOR PRODUCTION 49:   Please produce records concerning the treatment of all

15   patients seen by you and/or SOMS from January 1, 2005 through the date that SOMS was sold.

16   You may redact names and identifying information from the records.

17       RESPONSE:

18

19

20

21   REQUEST FOR PRODUCTION NO. 50:   Produce all documents concerning any consultations,

22   appointments, or meetings you have had with any occupational therapist and/or career consultant.

23       RESPONSE:

24

25

26

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 20

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  REQUEST FOR PRODUCTION NO. 51:  Produce all documents concerning your fellowship at

2  the American Dental Association.

3      RESPONSE:

4

5

6

7  REQUEST FOR PRODUCTION NO. 52:  Produce all documents concerning the "financial

8  difficulty" mentioned by Dr. Nussbaum in her progress note dates December 17, 2009.

9      RESPONSE:

10

11

12

13  REQUEST FOR PRODUCTION 53:  Please produce the OMS Policy Manual referenced in

14  Exhibit D to the Declaration of Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D. Wash.

15  Case No. C06-5335-RJB).

16      RESPONSE:

17

18

19

20

21

22

23

24

25

26

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 21

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    DATED this 19th day of March, 2010.

2

3                              OGDEN MURPHY WALLACE, PLLC

4

5                          By _____

6                              Lee Corkrum, WSBA No. 6585
                               Emily Gant, WSBA No. 35679
7                              1601 Fifth Avenue, Suite 2100
                               Seattle, Washington 98101
8                              Tel.: (206) 447-7000
                               Fax: (206) 447-0215
9                              egant@omwlaw.com
                               Attorneys for Defendant

10

11

12

13

14                        DECLARATION OF SERVICE
        I hereby declare that I sent a copy of the document on
15      which this declaration appears via fax/mail/messenger
        service to Mc Lean
16      I declare under penalty of perjury of the laws of the
        State of Washington that the foregoing is true and correct.
17      Executed at Seattle, WA on 3/69/10
        Signed by: _____

18

19

20

21

22

23

24

25

26

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 22

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    RESPONSES DATED this ____ day of April, 2010.

2                                    HAGENS BERMAN SOBOL SHAPIRO, LLP

3

4                        By    _____
                               Anthony D. Shapiro, WSBA #12824
5                              David P. Moody, WSBA #22853
                               Martin D. McLean, WSBA #33269
6                              1918 – 8th Avenue, Suite 3300
                               Seattle, WA  98101
7                              Ph.:  (206) 623-7292
                               Fax:  (206) 624-0450
8                              Attorneys for Plaintiffs

9

10                              <u>VERIFICATION</u>

11   STATE OF _____ )
                                 ) ss.
12   COUNTY OF _____ )

13        I, _____, certify under penalty of perjury under the laws of the

14   State of _____ that the foregoing answers and responses are true and correct.

15        DATED this ___ day of April, 2010.

16                                    _____

17

18        SUBSCRIBED AND SWORD TO before me this ___ day of _____, 2010.

19

20                                    _____
                                      NOTARY  PUBLIC  in  and  for  the  State  of
21                                    _____, residing at
                                      _____
22                                    My commission expires: _____.

23

24

25

26

{JDA775160.DOC;1\12459.000005\ }
DEFENDANT'S SECOND SET OF DISCOVERY TO TODD
ERICKSON - 23

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

# Exhibit 3

1

HONORABLE FRANKLIN D. BURGESS

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

TODD and ANNE ERICKSON, individually
and the marital community composed thereof,

11

Plaintiffs,

12

v.

13

14

MICROAIRE SURGICAL INSTRUMENTS
LLC, a Virginia limited liability company doing
business in the State of Washington,

15

Defendant.

No. C08-5745 FDB

DEFENDANT'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS AND
INTERROGATORIES TO PLAINTIFF
ANNE ERICKSON **AND ANSWERS
AND RESPONSES THERETO**

16

17

### **GENERAL OBJECTIONS**

1.      Plaintiff objects to any discovery request(s) seeking information protected by the

18

attorney-client privilege, the work product doctrine, or any other applicable privilege.

19

2.      Plaintiff objects to any discovery request(s) seeking to impose burdens different or

20

in excess of those mandated in the Civil Rules.

21

3.      Plaintiff objects to any interrogatory or request for production seeking information

22

or documents relating to a time period prior to 2004 unless otherwise indicated.

23

4.      Plaintiff objects to the Interrogatories and Requests for Production of Documents

24

on the grounds that they seek information that is not in plaintiff's possession, custody or control.

25

In responding to these discovery requests, plaintiff has made a reasonable effort to attain the

26

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON **& ANSWERS THERETO**- 1
Case No. C08-5745 FDB



1918 EIGHTH AVENUE, SUITE 3300 · SEATTLE, WA 98101
(206) 623-7292 · FAX (206) 623-0594

1  information sought, but has not attempted to procure information from sources outside her

2  possession, custody or control.  Plaintiff's responses are based upon a reasonable search of the

3  information and documents available to her.

4      5.      Plaintiff objects to Defendant's discovery on the grounds that it seeks information

5  that was prepared in anticipation of litigation, constitutes attorney work product, discloses mental

6  impressions, conclusions, opinions or legal theories of any attorney for or other representative of

7  plaintiffs, contains privileged attorney-client communications, or is otherwise protected from

8  disclosure under applicable privileges, laws or rules.  Plaintiff claims such privileges and

9  protections implicated by Defendant's discovery and excluded privileged and protected material

10 from its responses.  Any disclosure of such privileged or protected information is inadvertent and

11 is not intended to waive any privileges or protections.

12     6.      Plaintiff objects to Defendant's discovery on the grounds that it is unduly

13 burdensome to the extent that the information sought is available in the public domain, has

14 already been disclosed by plaintiff, or is otherwise available to defendant or her counsel.

15     7.      Plaintiff objects to Defendant's discovery on the grounds that it is vague and

16 ambiguous, or contain terms that are undefined or otherwise unclear.

17     8.      Plaintiff objects to Defendant's discovery on the grounds that it assumes disputed

18 facts or legal conclusions.  Plaintiff hereby denies any disputed facts or legal conclusions

19 assumed by each discovery request.  Any response or objection, including any production of

20 documents by plaintiff with respect to any such Interrogatory is without prejudice to this

21 objection and plaintiff's right to dispute facts and legal conclusions assumed by the

22 Interrogatories.

23     9.      In making these responses, plaintiff reserves and does not waive her right to

24 present or rely upon subsequently developed legal theories, additional facts, documents,

25 information or evidence later discovered or obtained, or inadvertently omitted at this time.  In

26

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON & ANSWERS THERETO- 2
Case No. C08-5745 FDB



HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

003035-11 360379 V1

1   addition, plaintiff reserves and does not waive her right to amend or supplement its responses in

2   the future.

3        10.    The written responses to Defendant's discovery are made solely for the purposes

4   of this action.  In providing these responses, plaintiff does not concede the relevancy or

5   materiality of any information provided.  The responses are provided subject to and without

6   waiver of all questions or objections as to competency, materiality or admissibility as evidence.

7        11.    Plaintiff expressly reserves all objections and privileges that may be applicable in

8   proceedings unrelated to this action.  Each response contained herein is subject to all objections

9   as to confidentiality, relevance, materiality, propriety, admissibility, and all other objections and

10  grounds that would require the exclusion of any statement contained herein if these

11  Interrogatories were asked of, or any statements contained herein were made by, a witness

12  present and testifying in court, all of which objections and grounds are reserved and may be

13  interposed at the time of trial.

14       12.    Except for explicit facts admitted herein, no incidental or implied admissions are

15  intended.  The fact that plaintiff has responded to any discovery request is not to be taken as an

16  admission that she accepts or admits the existence of any fact set forth or assumed by such request

17  or that such response constitutes admissible evidence.  Responses contained herein are not intended

18  and shall not be construed to be a waiver of all or part of any discovery request propounded to

19  plaintiff.

20       13.    Plaintiff incorporates by reference the above objections into each of the responses

21  set forth below.

22       The information supplied herein is not based solely upon the knowledge of the executing

23  party, but includes the knowledge of the parties, their agents, representatives and attorneys, unless

24  privileged.  The word usage and sentence structure may be that of the attorney(s) assisting in the

25  preparation of these answers and objections and, thus, does not necessarily purport to be the precise

26  language of the executing party.

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON & ANSWERS THERETO- 3
Case No. C08-5745 FDB



HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 · SEATTLE, WA 98101
(206) 623-7292 · FAX (206) 623-0594

003035-11  360379 V1

1    All documents responsive to defendant's requests for production will be produced at a

2    mutually convenient time at our offices.

3

4    REQUEST FOR PRODUCTION NO. 1:  Please produce all documents showing or concerning

5    any and all marketing plans, business plans, production quotas, and/or production goals, for

6    SOMS from January 1, 1997 through the date that SOMS was sold.

7    RESPONSE:

8    Any responsive documents will be made available for inspection and copying at

9    plaintiff's counsel's office at a mutually convenient time.

10   REQUEST FOR PRODUCTION NO. 2:  Please produce all documents concerning any and all

11   evaluations, reviews, or performance appraisals of any SOMS employees, from January 1, 1997

12   through the date that SOMS was sold.

13   RESPONSE:

14   Objection.  Overbroad and unduly burdensome.  This request is beyond the scope of

15   proper discovery because the information it seeks is neither relevant nor reasonable calculated to

16   lead to the discovery of admissible evidence.  Further, former employees have a protected

17   privacy right which this request seeks to violate.

18

19   REQUEST FOR PRODUCTION NO. 3:  Please produce all documents concerning any

20   collections made by SOMS, and production numbers, from January 1, 1997 through the date that

21   SOMS was sold.

22   RESPONSE:

23   Any responsive documents will be made available for inspection and copying of

24   plaintiff's counsel's office at a mutually-convenient time.

25

26

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON & ANSWERS THERETO- 4
Case No. C08-5745 FDB


HB  HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

003035-11  360379 V1

1  REQUEST FOR PRODUCTION NO. 4:  Please produce all documents showing the number of

2  hours per day patients were seen at SOMS, including but not limited to any schedules, diaries,

3  and/or calendars, from January 1, 1997 through the date that SOMS was sold.

4     RESPONSE:

5     All responsive documents will be made available for inspection and copying of plaintiff's

6  counsel's office at a mutually-convenient time.

7  REQUEST FOR PRODUCTION NO. 5:  Please produce all employee resumes and records

8  showing the dates of employment for each employee, from January 1, 1997 through the date that

9  SOMS was sold.

10    RESPONSE:

11

12    Objection.  Overbroad and unduly burdensome.  This request is beyond the scope of

13  proper discovery because the information it seeks is neither relevant nor reasonable calculated to

14  lead to the discovery of admissible evidence.  Further, former employees have a protected

15  privacy right which this request seeks to violate.

16  REQUEST FOR PRODUCTION NO. 6:  Please produce any documents containing any lists of

17  all employees of SOMS from January 1, 1997 through the date that SOMS was sold.

18    RESPONSE:

19    Any responsive documents will be made available for inspection and copying at

20  plaintiff's counsel's office at a mutually convenient time.

21  INTERROGATORY NO. 1:  Are you making a claim for loss of consortium?  If so, please state

22  the total amount you are claiming, the method by which this amount was computed or

23  determined, and a full description of the basis for your claim.

24    ANSWER:

25    Yes.  The amount of such damages will be determined by an impartial jury.

26



1918 EIGHTH AVENUE, SUITE 3300 · SEATTLE, WA 98101
(206) 623-7292 · FAX (206) 623-0594

003035-11 360379 V1

1  <u>REQUEST FOR PRODUCTION NO. 7</u>:  Please produce copies of all records concerning or

2  supporting your answer to the preceding interrogatory.

3       RESPONSE:

4       Objection.   Vague and unclear.   Notwithstanding the foregoing please see medical

5  records of Dr. Erickson already provided.  Furthermore, Anne Erickson will sign a stipulation for

6  production of her medical records from 2004 to the present which should contain responsive

7  information.

8

9  <u>REQUEST FOR PRODUCTION NO. 8</u>:  Produce all drills used in your spouse's oral surgical

10  practice in your possession, custody, or control.  This includes, but is not limited to, the eleven

11  (11) pneumatic drills referenced in Dr. Erickson's deposition.

12       RESPONSE:

13       Plaintiffs' drills will be made available for inspection and testing once an appropriate

14  protocol has been established either through agreement by the parties or by order of the Court.

15  <u>REQUEST FOR PRODUCTION NO. 9</u>:  Produce all documents concerning the Levin Group,

16  Inc., or Barry Levin, including but not limited to all files, contracts, meeting plans, notes,

17  recommendations, analyses, suggestions, critiques, and documents referencing Jennifer Flint,

18  Jennifer Alexander, and Mark Cardwell.

19       RESPONSE:

20

21       Any responsive documents will be made available for inspection and copying at

22  plaintiff's counsel's office at a mutually convenient time.

23  <u>REQUEST FOR PRODUCTION NO. 10</u>:  Produce all documents concerning the lawsuit

24  captioned *Forshey v. SOMS, Inc. et. al.* (W.D. Wash. Case No. C06-5335-RJB).

25       RESPONSE:

26

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON **& ANSWERS THERETO**- 6
Case No. C08-5745 FDB



HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

003035-11  360379 V1

1   Objection.  Overbroad and unduly burdensome.  This request is beyond the scope of

2   proper discovery because the information it seeks is neither relevant nor reasonably calculated to

3   lead to the discovery of admissible evidence.  Further, much of the requested documentation is in

4   the public record and equally available to defendant or has already been subpoenaed by

5   defendant from Dr. Forshey.

6   <u>REQUEST FOR PRODUCTION NO. 11</u>:  Produce all pleadings, deposition transcripts with

7   exhibits, audio and/or videotapes of depositions, witness statements, expert reports,

8   correspondence, and settlement agreements concerning the case captioned *Forshey v. SOMS, Inc.*

9   *et. al.* (W.D. Wash. Case No. C06-5335-RJB).  This request specifically excludes any materials

10   subject to the attorney-client privilege and/or work product doctrine.

11   RESPONSE:

12   Objection.  Overbroad and unduly burdensome.  This request is beyond the scope of

13   proper discovery because the information it seeks is neither relevant nor reasonably calculated to

14   lead to the discovery of admissible evidence.  Further, much of the requested documentation is in

15   the public record and equally available to defendant or has already been subpoenaed by

16   defendant from Dr. Forshey.

17   <u>REQUEST FOR PRODUCTION NO. 12</u>:  Produce all employment contracts regarding Jennifer

18   Forshey.

19   RESPONSE:

20

21   Objection.  Overbroad and unduly burdensome.  This request is beyond the scope of

22   proper discovery because the information it seeks is neither relevant nor reasonably calculated to

23   lead to the discovery of admissible evidence.  Further, much of the requested documentation is in

24   the public record and equally available to defendant or has already been subpoenaed by

25   defendant from Dr. Forshey.

26



1    <u>REQUEST FOR PRODUCTION NO. 13</u>:  Produce the notebook referenced on page 142 of Dr.

2    Erickson's deposition.

3        RESPONSE:

4        Any responsive documents will be made available for inspection and copying at

5    plaintiff's counsel's office at a mutually convenient time.

6    <u>REQUEST FOR PRODUCTION NO. 14</u>:  Produce all documents relevant to your spouse's

7    interactions with the Dental Quality Assurance Commission, including, but not limited to,

8    complaints, charges, responses, stipulations, correspondence, or any other filings.

9

10       RESPONSE:

11       Objection.  Overbroad and unduly burdensome.  Not relevant and not reasonably

12   calculated to lead to the discovery of admissible evidence.  Further, defendant has already

13   received the complete file from the Dental Quality Assurance Commission.  Notwithstanding the

14   foregoing objections, any responsive document will be produced.

15   <u>REQUEST FOR PRODUCTION NO. 15</u>:  Produce all documents concerning any disability

16   insurance in you or your spouse's name, including but not limited to the application, policy,

17   claims, and correspondence.

18       RESPONSE:

19       Objection.  Overbroad and unduly burdensome.  This request is beyond the scope of

20   proper discovery because the information it seeks is neither relevant nor reasonably calculated to

21   lead to the discovery of admissible evidence.

22   <u>REQUEST FOR PRODUCTION NO. 16</u>:  Produce all documents concerning any and all golf

23   academies, institutions, and/or schools in which your son is/was enrolled, including but not

24   limited to all correspondence, brochures, registrations, bills, receipts, cancelled checks, and

25   programs.

26

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON **& ANSWERS THERETO**- 8
Case No. C08-5745 FDB



1    RESPONSE:

2    Objection. Overbroad and unduly burdensome. This request is beyond the scope of

3    proper discovery because the information it seeks is neither relevant nor reasonably calculated to

4    lead to the discovery of admissible evidence.

5    INTERROGATORY NO. 2: Identify all accountants and/or any other financial professionals

6    hired and/or used by you, your spouse, or SOMS from January 1, 1997 through the present.

7        ANSWER:

8
9        The accountant for Sound Oral Maxillofacial Surgery was:
         Jason Kors, CPA, MS
         Dwyer Pemberton & Coulson. P.C.
10       1940 East D Street, Suite 200
         Tacoma, WA 98421
11

12   REQUEST FOR PRODUCTION NO. 17: Produce all credit card statements, investments, bank

13   statements, check registers, data from any accounting software, and cancelled checks, concerning

14   SOMS.

15       RESPONSE:

16       Any responsive documents will be made available for inspection and copying at

17   plaintiff's counsel's office at a mutually convenient time.

18   REQUEST FOR PRODUCTION NO. 18: Produce all credit card statements, investments, bank

19   statements, check registers, data from any accounting software, and cancelled checks, concerning

20   you and/or your spouse.

21       RESPONSE:

22
23       Objection. Overbroad and unduly burdensome. This request is beyond the scope of

24   proper discovery because the information it seeks is neither relevant nor reasonably calculated to

25   lead to the discovery of admissible evidence.

26



1918 EIGHTH AVENUE, SUITE 3300 · SEATTLE, WA 98101
(206) 623-7292 · FAX (206) 623-0594

1    In addition this request is improper because it is interposed for an improper purpose such

2    as to harass plaintiffs.

3    <u>REQUEST FOR PRODUCTION NO. 19</u>:  Produce all documents concerning you and your

4    spouse's liabilities, assets, and investments.

5        RESPONSE:

6        Objection.  Overbroad and unduly burdensome.  This request is beyond the scope of

7    proper discovery because the information it seeks is neither relevant nor reasonably calculated to

8    lead to the discovery of admissible evidence.

9        In addition this request is improper because it is interposed for an improper purpose such

10   as to harass plaintiffs.

11   <u>REQUEST FOR PRODUCTION NO. 20</u>:  Produce all billing records for SOMS.

12

13       RESPONSE:

14       Any responsive documents will be made available for inspection and copying at

15   plaintiff's counsel's office at a mutually convenient time.

16   <u>REQUEST FOR PRODUCTION NO. 21</u>:  Produce all documents concerning insurance for

17   SOMS, including but not limited to any policies, applications, endorsements, claims, and

18   correspondence.

19       RESPONSE:

20       Objection.  Overbroad and unduly burdensome.  This request is beyond the scope of

21   proper discovery because the information it seeks is neither relevant nor reasonably calculated to

22   lead to the discovery of admissible evidence.

23

24   <u>REQUEST FOR PRODUCTION NO. 22</u>:  Produce SOMS's document retention policy.

25       RESPONSE:

26

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON **& ANSWERS THERETO**- 10
Case No. C08-5745 FDB



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

003035-11 360379 V1

1    There was no written document retention policy.

2    REQUEST FOR PRODUCTION NO. 23:  Produce all OSHA/WISHA manuals, records,

3    training materials, and brochures your/your spouse's practice at SOMS.

4    RESPONSE:

5    Any responsive documents will be made available for inspection and copying at

6    plaintiff's counsel's office at a mutually convenient time.

7    REQUEST FOR PRODUCTION NO. 24:  Produce all documents concerning Harris

8    Biomedical.

9    RESPONSE:

10   Any responsive documents will be made available for inspection and copying at

11   plaintiff's counsel's office at a mutually convenient time.  Furthermore, defendant has received

12   documents from Harris Biomedical in response to a subpoena.

13   INTERROGATORY NO. 3:  Please list each school or educational institution that you have

14   attended, including the dates of attendance, date of graduation, degree obtained, and major or

15   course of study.

16   ANSWER:

17   | Washington State University | BSN | 1980 – 1984 |
18   | Gonzaga University | MBA | Graduated in 1993 |

19   INTERROGATORY NO. 4:  List the names and addresses of all health care providers, including

20   but not limited to all doctors, nurses, psychiatrists, psychologists, counselors, osteopaths,

21   chiropractors, mental health professionals, and any other person who provided health care to you

22   or your spouse since your hearing loss first began.

23

24

25

26



003035-11 360379 V1

1    ANSWER:    Objection.  This interrogatory is vague and unclear since Anne Erickson

2  has not experienced any hearing loss.  However, Ms. Erickson has treated with the following

3  healthcare professional since early 2006:

4    Dr. Timothy Holmes, DC, RT
5    11511 Canterwood Blvd., #210
     Gig Harbor, WA  98332
6

7    Barbara Levy, MD
     34503 9th Avenue S, #330
8    Federal Way, WA  98003

9    Mark Taylor, MD
     Pacific NW Eye Associates
10   2202 S. Cedar Street, #100
     Tacoma, WA  98405
11

12   Michael Flatley, DDS
     4423 Pt. Fosdick Drive, #304
13   Gig Harbor, WA  98335

14   Sally Chumney, FNP
     Minute Clinic
15   6895 E. Sunrise
     Tucson, AZ  85750
16

17   Joan Halley, DO
     Peninsula Family Medicine
18   4700 Pt. Fosdick Drive, #220
     Gig Harbor, WA  98335
19

20   Marcello Cherchi, MD, PhD
     645 N. Michigan, #410
21   Chicago, Illinois  60611

22   David Pratt, MD
     2202 S. Cedar, #300
23   Tacoma, WA  98405

24
     John Carrougher, MD
25   4700 Pt. Fosdick, #308
     Gig Harbor, WA  98335

26

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON **& ANSWERS THERETO**- 12
Case No. C08-5745 FDB

HB   HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 · SEATTLE, WA 98101
(206) 623-7292 · FAX (206) 623-0594

003035-11 360379 V1

REQUEST FOR PRODUCTION NO. 25: Produce all documents concerning the preceding interrogatory, including but not limited to all medical and billing records.

RESPONSE: The requested documents are not in plaintiff's possession, custody or control.

INTERROGATORY NO. 5: Please list the names and addresses of all mental health care providers, including but not limited to psychologists, psychiatrists, counselors, social workers, and therapists, that you and/or your spouse saw prior to your spouse's hearing loss beginning.

ANSWER: Objection. Overbroad, burdensome and oppressive. From 2000 until Dr. Erickson was diagnosed with hearing loss and other conditions, Ms. Erickson saw none of the above listed healthcare providers. With respect to Dr. Erickson the requested information has already been provided.

REQUEST FOR PRODUCTION NO. 26: Produce all documents concerning the preceding interrogatory, including but not limited to all records and billing records.

RESPONSE:

N/A

REQUEST FOR PRODUCTION NO. 27: Produce all textbooks, journals, articles, and surveys concerning Oral & Maxillofacial surgery that you, your spouse, or SOMS received from 1985 through the present, including but not limited to, the Journal of Oral & Maxillofacial Surgery, Journal of the American Dental Association, and Compendium.

RESPONSE:

Objection. Overbroad, unduly burdensome and harassing.

REQUEST FOR PRODUCTION NO. 28: Produce all documents concerning Don Dixon and/or Dixon Orthopedics.



RESPONSE:

Any responsive documents will be made available for inspection and copying at plaintiff's counsel's office at a mutually convenient time.

REQUEST FOR PRODUCTION NO. 29:  Produce all documents concerning the pre-cordial stethoscope(s) used during your spouse's practice, including, but not limited to, instruction manuals, brochures, and invoices.

RESPONSE:

Any responsive documents will be made available for inspection and copying at plaintiff's counsel's office at a mutually convenient time.

REQUEST FOR PRODUCTION NO. 30:  Produce all pre-cordial stethoscopes used in your spouse's practice from 1997 through the date you sold SOMS.

RESPONSE:

Any pre-cordial stethoscopes in plaintiffs' possession, custody or control will be made available for inspection and testing once an appropriate protocol has been established either through agreement by the parties or by order of the Court.

REQUEST FOR PRODUCTION NO. 31:  Produce all documents concerning the noise output through the pre-cordial stethoscope during operation of the drills.

RESPONSE:

Plaintiff does not believe that any responsive documents exist.

REQUEST FOR PRODUCTION NO. 32:  Produce all documents concerning any consultations with practice or business consultants, including but not limited to Dick Jackson.

RESPONSE:

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON **& ANSWERS THERETO**- 14
Case No. C08-5745 FDB



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

003035-11  360379 V1

1    Any responsive documents will be made available for inspection and copying at

2    plaintiff's counsel's office at a mutually convenient time.

3    REQUEST FOR PRODUCTION NO. 33:  Produce all documents concerning any lawsuits

4    against or brought by John Godulas.

5        RESPONSE:

6

7        Objection.  Overbroad and unduly burdensome.  This request is beyond the scope of

8    proper discovery because the information it seeks is neither relevant nor reasonably calculated to

9    lead to the discovery of admissible evidence.  Furthermore, no responsive documents are

10   believed to exist.

11   REQUEST FOR PRODUCTION NO. 34:  Produce all documents concerning any lawsuits

12   against or brought by Mark Paxton

13       RESPONSE:

14       Objection.  Overbroad and unduly burdensome.  This request is beyond the scope of

15   proper discovery because the information it seeks is neither relevant nor reasonably calculated to

16   lead to the discovery of admissible evidence.  Furthermore, no responsive documents are

17   believed to exist.

18   REQUEST FOR PRODUCTION NO. 35:  Produce all documents concerning dosimetry studies

19   prepared at the request of you, your spouse, or SOMS.

20       RESPONSE:

21

22       No responsive documents are believed to exist.

23   INTERROGATORY NO. 6:  Identify everywhere that you and/or your spouse have traveled by

24   airplane from January 1, 2000 to the present, including the location to which you traveled, the

25   name of the hotel or place where you stayed, the dates of travel, and the purpose of the travel.

26

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON & ANSWERS THERETO- 15
Case No. C08-5745 FDB



1918 EIGHTH AVENUE, SUITE 3300 · SEATTLE, WA 98101
(206) 623-7292 · FAX (206) 623-0594

003035-11 360379 V1

1

2   ANSWER:

3       Objection.  Overbroad and unduly burdensome.  This request is beyond the scope of

4   proper discovery because the information it seeks is neither relevant nor reasonably calculated to

5   lead to the discovery of admissible evidence.

6       In addition this request is improper because it is interposed for an improper purpose such

7   as to harass plaintiffs.

INTERROGATORY NO. 7:  Please list all of SOMS's fixed assets and their associated

8   depreciation indicating the date acquired, cost of asset, and deprecation life.

9

10      ANSWER:

11      Objection.  Overbroad and unduly burdensome.  This request is beyond the scope of

12  proper discovery because the information it seeks is neither relevant nor reasonably calculated to

13  lead to the discovery of admissible evidence.  Further, please see tax returns already produced or

14  requested from the IRS.

15  REQUEST FOR PRODUCTION 36:  Please produce all documents concerning or showing the

16  base salary paid to you and/or your spouse by SOMS.

17      RESPONSE:

18      Any responsive documents will be made available for inspection and copying at

19  plaintiff's counsel's office at a mutually convenient time.

20  REQUEST FOR PRODUCTION 37:  Please produce all documents concerning all distributions

21  taken by you and/or your spouse from SOMS.

22      RESPONSE:

23

24      Any responsive documents will be made available for inspection and copying at

25  plaintiff's counsel's office at a mutually convenient time.

26

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON **& ANSWERS THERETO**- 16
Case No. C08-5745 FDB



1918 EIGHTH AVENUE, SUITE 3300 · SEATTLE, WA 98101
(206) 623-7292 · FAX (206) 623-0594

003035-11 360379 V1

1    REQUEST FOR PRODUCTION 38:  Please produce all job improvement plans, work plans, or

2    performance plans for all SOMS's employees from January 1, 2003 through the date that SOMS

3    was sold.

4        RESPONSE:

5        No responsive documents are believed to exist.

6    REQUEST FOR PRODUCTION NO. 39:  Please produce the PRC Manual, all marketing

7    recommendations, suggestions, and critiques, referenced in Exhibit D to the Declaration of

8    Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D. Wash. Case No. C06-5335-RJB).

9

10       RESPONSE:

11       To the extent any such documents exist they will be produced.

12   REQUEST FOR PRODUCTION NO. 40:  Please produce the Phase 1 Implementation Plan for

13   the Profitability Program, referenced in Exhibit D to the Declaration of Steven Teller, filed in

14   *Forshey v. SOMS, Inc. et. al.* (W.D. Wash. Case No. C06-5335-RJB).

15       RESPONSE:

16       To the extent any such documents exist they will be produced.

17   REQUEST FOR PRODUCTION NO. 41:  Please produce all documents concerning or showing

18   SOMS's employees' job descriptions.

19

20       RESPONSE:

21       To the extent any such documents exist they will be produced.

22   REQUEST FOR PRODUCTION NO. 42:  Please produce the procedure manual referenced in

23   Exhibit D to the Declaration of Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D. Wash.

24   Case No. C06-5335-RJB).

25

26



1918 EIGHTH AVENUE, SUITE 3300 · SEATTLE, WA  98101
(206) 623-7292 · FAX (206) 623-0594

1

RESPONSE:

2

To the extent any such documents exist they will be produced.

3

REQUEST FOR PRODUCTION NO. 43:  Please produce the policy manual referenced in

4

Exhibit D to the Declaration of Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D. Wash.

5

Case No. C06-5335-RJB).

6

RESPONSE:

7

8

To the extent any such documents exist they will be produced.

9

REQUEST FOR PRODUCTION NO. 44:  Please produce all procedural time studies referenced

10

in Exhibit D to the Declaration of Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D.

11

Wash. Case No. C06-5335-RJB).

12

RESPONSE:

13

To the extent any such documents exist they will be produced.

14

REQUEST FOR PRODUCTION NO. 45:  Please produce the staff and gap analysis referenced

15

in Exhibit D to the Declaration of Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D.

16

Wash. Case No. C06-5335-RJB).

17

18

RESPONSE:

19

To the extent any such documents exist they will be produced.

20

REQUEST FOR PRODUCTION NO. 46:  Please produce the all documents sent to SOMS's,

21

your, or your spouse's liability insurance carrier.

22

RESPONSE:

23

Objection.  Overbroad and unduly burdensome.  This request is beyond the scope of

24

proper discovery because the information it seeks is neither relevant nor reasonably calculated to

25

lead to the discovery of admissible evidence.

26

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON **& ANSWERS THERETO**- 18
Case No. C08-5745 FDB



HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

003035-11 360379 V1

1   <u>REQUEST FOR PRODUCTION NO. 47:</u>  Please produce all documents produced by SOMS,

2   you, or your spouse to SOMS and/or Dr. Erickson's malpractice insurance carrier.

3        RESPONSE:

4        Objection.  Overbroad and unduly burdensome.  This request is beyond the scope of

5   proper discovery because the information it seeks is neither relevant nor reasonably calculated to

6   lead to the discovery of admissible evidence.

7   <u>REQUEST FOR PRODUCTION 48:</u>  Please produce records concerning the treatment of all

8   patients seen by your spouse and/or SOMS from January 1, 2005 through the date that SOMS

9   was sold.  You may redact names and identifying information from the records.

10       RESPONSE:

11       No responsive records are in plaintiffs' possession, custody or control.

12  <u>REQUEST FOR PRODUCTION NO. 49:</u>  Produce all documents concerning the "financial

13  difficulty" mentioned by Dr. Nussbaum in her progress note dates December 17, 2009.

14       RESPONSE:

15       Objection.  Vague.  Plaintiffs have no way of knowing what records Dr. Nussbaum may

16  believe supports her notation of "financial difficulty."

17  <u>REQUEST FOR PRODUCTION 50:</u>  Please produce the OMS Policy Manual referenced in

18  Exhibit D to the Declaration of Steven Teller, filed in *Forshey v. SOMS, Inc. et. al.* (W.D. Wash.

19  Case No. C06-5335-RJB).

20       RESPONSE:

21       To the extent responsive documents exist they will be produced.

22  \\

23  \\

24

25

26

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON **& ANSWERS THERETO**- 19
Case No. C08-5745 FDB



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

003035-11  360379 V1

1

2    ANSWERS DATED this 19th day of April, 2010.

3                                    HAGENS BERMAN SOBOL SHAPIRO LLP

4

5    By
           Anthony D. Shapiro, WSBA No. 12824
6          David P. Moody, WSBA No. 22853
           Martin D. McLean, WSBA No. 33269
7          1918 Eighth Avenue, Suite 3300
           Seattle, Washington  98101
8          Tel.: (206) 623-7292
           Fax:  (206) 623-0594
9          tony@hbsslaw.com

10         Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON **& ANSWERS THERETO-** 20
Case No. C08-5745 FDB



VERIFICATION

STATE OF WASHINGTON  )
                           ) ss.
COUNTY OF PIERCE  )

       I, Anne Erickson, certify under penalty of perjury under the laws of the State of Washington

that the foregoing answers and responses are true and correct.

       DATED this _12th_ day of April, 2010.

                                  _____

                                    ANNE ERICKSON

       SUBSCRIBED AND SWORD TO before me this _12th_ day of _April_, 2010.

                                    _____

                                    NOTARY PUBLIC in and for the State of

                                    _Washington_, residing at _Seattle_.

                                    My commission expires: _5-10-2012_.

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON **& ANSWERS THERETO**- 21
Case No. C08-5745 FDB



1918 Eighth Avenue, Suite 3300 · Seattle, WA 98101
(206) 623-7292 · FAX (206) 623-0594

003035-11 360379 V1

1

**CERTIFICATE OF SERVICE**

2       The undersigned hereby certifies that she is an employee in the law offices of Hagens

3   Berman Sobol Shapiro LLP, and is a person of such age and discretion as to be competent to serve

4   papers.

5       I hereby certify that on April 19, 2010, I served via messenger Defendant's First Set of

6   Requests for Production of Documents & Interrogatories to Plaintiff Anne Erickson on the

7   following:

8   Ms. Emily Harris Gant
    OGDEN MURPHY WALLACE P.L.L.C.
9   1601 Fifth Avenue, Suite 2100
    Seattle, Washington 98101-1686
10
    Attorneys for Defendant MicroAire Surgical Instruments LLC
11

12       DATED this 19th day of April, 2010.

13

14                          _Laurie Cecil_ signature _____

15                          Laurie Cecil, Paralegal
                            Hagens Berman Sobol Shapiro LLP
16                          1918 Eighth Avenue, Suite 3300
                            Seattle, Washington 98101
17                          Telephone: (206) 623-7292
                            Facsimile: (206) 623-0594

18

19

20

21

22

23

24

25

26

DEF.'S 1ST SET OF RFP OF DOCS. & INTERROG.
TO PLF. ANNE ERICKSON **& ANSWERS THERETO**- 22
Case No. C08-5745 FDB

