Exhibit 4

1    HONORABLE FRANKLIN D. BURGESS

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                              AT TACOMA

9

TODD and ANNE ERICKSON, individually
10   and the marital community composed thereof,

11                                   Plaintiffs,          No. C08-5745 FDB

12        v.                                              DEFENDANT'S FIRST SET OF
                                                          INTERROGATORIES AND REQUESTS
13   MICROAIRE SURGICAL INSTRUMENTS                       FOR PRODUCTION TO PLAINTIFF
     LLC, a Virginia limited liability company doing      TODD ERICKSON **AND ANSWERS**
14   business in the State of Washington,                 **AND RESPONSES THERETO**

15                                   Defendant.

16

17              <u>**GENERAL OBJECTIONS**</u>

18        1.      Plaintiff objects to any discovery request(s) seeking information protected by the

     attorney-client privilege, the work product doctrine, or any other applicable privilege.
19
          2.      Plaintiff objects to any discovery request(s) seeking to impose burdens different or
20
     in excess of those mandated in the Civil Rules.
21
          3.      Plaintiff objects to any interrogatory or request for production seeking information
22
     or documents relating to a time period prior to 2004 unless otherwise indicated.
23
          4.      Plaintiff objects to the Interrogatories and Requests for Production of Documents
24
     on the grounds that they seek information that is not in plaintiff's possession, custody or control.
25
     In responding to the Interrogatories, plaintiff has made a reasonable effort to attain the
26

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON **& ANSWERS THERETO**- 1
Case No. C08-5745 FDB

003035-11 319319 V1

1   information sought, but has not attempted to procure information from sources outside his

2   possession, custody or control.  Plaintiff's responses are based upon a reasonable search of the

3   information and documents available to him.

4        5.     Plaintiff objects to Defendant's discovery on the grounds that it seeks information

5   that was prepared in anticipation of litigation, constitutes attorney work product, discloses mental

6   impressions, conclusions, opinions or legal theories of any attorney for or other representative of

7   plaintiffs, contains privileged attorney-client communications, or is otherwise protected from

8   disclosure under applicable privileges, laws or rules.  Plaintiff claims such privileges and

9   protections implicated by Defendant's discovery and excluded privileged and protected material

10   from its responses.  Any disclosure of such privileged or protected information is inadvertent and

11   is not intended to waive any privileges or protections.

12        6.     Plaintiff objects to Defendant's discovery on the grounds that it is unduly

13   burdensome to the extent that the information sought is available in the public domain, has

14   already been disclosed by plaintiff, or is otherwise available to defendant or his counsel.

15        7.     Plaintiff objects to Defendant's discovery on the grounds that it is vague and

16   ambiguous, or contain terms that are undefined or otherwise unclear.

17        8.     Plaintiff objects to Defendant's discovery on the grounds that it assumes disputed

18   facts or legal conclusions.  Plaintiff hereby denies any disputed facts or legal conclusions

19   assumed by each discovery request.  Any response or objection, including any production of

20   documents by plaintiff with respect to any such Interrogatory is without prejudice to this

21   objection and plaintiff's right to dispute facts and legal conclusions assumed by the

22   Interrogatories.

23        9.     In making these responses, plaintiff reserves and does not waive his right to

24   present or rely upon subsequently developed legal theories, additional facts, documents,

25   information or evidence later discovered or obtained, or inadvertently omitted at this time.  In

26

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 2
Case No. C08-5745 FDB

1   addition, plaintiff reserves and does not waive his right to amend or supplement its responses in

2   the future.

3       10.     The written responses to Defendant's discovery are made solely for the purposes

4   of this action.  In providing these responses, plaintiff does not concede the relevancy or

5   materiality of any information provided.  The responses are provided subject to and without

6   waiver of all questions or objections as to competency, materiality or admissibility as evidence.

7       11.     Plaintiff expressly reserves all objections and privileges that may be applicable in

8   proceedings unrelated to this action.  Each response contained herein is subject to all objections

9   as to confidentiality, relevance, materiality, propriety, admissibility, and all other objections and

10  grounds that would require the exclusion of any statement contained herein if these

11  Interrogatories were asked of, or any statements contained herein were made by, a witness

12  present and testifying in court, all of which objections and grounds are reserved and may be

13  interposed at the time of trial.

14      12.     Except for explicit facts admitted herein, no incidental or implied admissions are

15  intended.  The fact that plaintiff has responded to any discovery request is not to be taken as an

16  admission that he accepts or admits the existence of any fact set forth or assumed by such request or

17  that such response constitutes admissible evidence.  Responses contained herein are not intended

18  and shall not be construed to be a waiver of all or part of any discovery request propounded to

19  plaintiff.

20      13.     Plaintiff incorporates by reference the above objections into each of the responses

21  set forth below.

22      The information supplied herein is not based solely upon the knowledge of the executing

23  party, but includes the knowledge of the parties, their agents, representatives and attorneys, unless

24  privileged.  The word usage and sentence structure may be that of the attorney(s) assisting in the

25  preparation of these answers and objections and, thus, does not necessarily purport to be the precise

26  language of the executing party.

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON **& ANSWERS THERETO**- 3
Case No. C08-5745 FDB

1    All documents responsive to defendant's requests for production will be produced at a

2 mutually convenient time at our offices.

3                                      **INTERROGATORIES**

4    INTERROGATORY NO. 1:

5    Please state your full name, date of birth, current address, and social security number.

6    ANSWER:

7
     Robert Todd Erickson
8    DOB: 07/05/1961
     4803 Saddleback Drive NW
9    Gig Harbor, WA  98322
     SSN: 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
10

11   INTERROGATORY NO. 2

12   Please list, in chronological order, all addresses at which you have resided during the past
13   ten years, the dates of residence at each, and all individuals who resided with you at each
     address.

14

15   ANSWER:

16   4803 Saddleback Drive NW        6/2006 to Present
     Gig Harbor, WA      98332

17   9512 San Fernando Court         Aug. 24th, 2008 - November 21st, 2008
18   Howey in the Hills, FL  34737    December 1st - Dec. 18th, 2008
                                      Jan. 12th, 2009 - March 5th, 2009
19

20   [Rental property while son was attending a golf academy.]

21   4410 Foxglove Drive NW          3/2005 – 5/2006
     Gig Harbor, WA      98332
22

23   8715 Rosedale St. NW            6/2002 – 3/2005
     Gig Harbor, WA      98335

24   2906 19th Ave. Ct. NW           5/2001 – 6/2002
25   Gig Harbor, WA      98335

26

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON **& ANSWERS THERETO**- 4
Case No. C08-5745 FDB

1

3912 Bay View Lane              6/1999 – 5/2001
Gig Harbor, WA     98332

2

3

At all times, the only individuals who resided with me were my wife and child.

4

INTERROGATORY NO. 3:

5

If you are presently married, state the name of your spouse and the date of marriage.

6

ANSWER:

7

Anne W. Erickson     January 18, 1992

8

INTERROGATORY NO. 4:

9

10

List the names, dates of birth, and addresses of your children, and whether any are dependent upon you for support.

11

ANSWER:

12

13

Luke R. Erickson, born May 3, 1993.  He is fully dependent upon me for support.

14

INTERROGATORY NO. 5:

15

16

Beginning with your high school education, state the name and address of each school, college, trade school or educational institution you have attended, listing the dates of attendance and the nature and date of any degree you received.

17

ANSWER:

18

19

High School          Joel E. Ferris High School
                             Spokane, WA
                             1975 – 1979

20

21

22

Undergraduate        Pacific Lutheran University
                             Tacoma, WA
                             BA in Biology w/ Minor in Religion
                             1979 – 1984

23

24

25

Graduate School      Creighton University, School of Dentistry
                             Omaha, Nebraska
                             DDS – Dentistry
                             1985 – 1989

26

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 5
Case No. C08-5745 FDB

003035-11  319319 V1

| General Practice<br>Residency | University of Nebraska, School of Dentistry<br>University of Nebraska Medical Center<br>Omaha, Nebraska<br>1989 – 1990 |
|---|---|
| OMFS<br>Residency | Detroit-Macomb Hospital Corporation<br>(Now called St. John-Macomb Medical System)<br>Children's Hospital of Michigan<br>Detroit, Michigan<br>Certificate in Oral & Maxillofacial Surgery<br>Certificate in Pediatric Oral & Maxillofacial Surgery<br>1991 – 1995 |
| Other | Tacoma Community College<br>Tacoma, WA<br>Accounting Class<br>Summer of 2007 |
| | Hillenbrand Fellowship<br>Begins 09/01/2009 |

## INTERROGATORY NO. 6:

Have you ever received disability benefits from any insurance company or received any benefits from any agency of a local, state, or federal governmental agency (i.e., Labor & Industries, unemployment compensation, public assistance, food stamps, social security disability, SSI, or medical assistance)?  If so, please identify each such benefit received, the amount received, and the date(s) received.

## ANSWER:

Plaintiff objects to this interrogatory on the grounds that it seeks information that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence and seeks information regarding a collateral source.  Notwithstanding the foregoing objections:

Plaintiff has received disability income benefits from:

Ohio National Financial Services  (9/2007 – Present)
Policy #1  -  $2,259.00 / mo.*
Policy #2  -  $3,500.00 / mo.*
*Benefit payments are approved for 30 days at a time.  Policy includes a
   4% COL adjustment.

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 6
Case No. C08-5745 FDB

003035-11  319319 V1

ADA / Great West Life and Annuity  (9/2007 – Present)
Single Policy - $10,000.00 / mo., Fixed.

I receive no other benefits of any kind.

INTERROGATORY NO. 7:

If you ever been convicted of a crime punishable by imprisonment for more than one year, or that involved dishonesty or false statement regardless of the punishment, please identify the nature of each crime, the date of each conviction or plea, and the county and state in which you were convicted or plead guilty.

ANSWER:    No.

INTERROGATORY NO. 8:

Have you ever received treatment for a mental condition, or for problems with alcohol or other drugs?  If so, please state the dates of treatment, identify each treatment provider, and describe the treatment.

ANSWER:

I have seen a Psychiatrist Mary Simonson, MD, since May 5, 2009.  I defer diagnosis and treatment information to Dr. Simonson.   I have never had any problem nor any treatment for any problem associated with alcohol or drugs.

INTERROGATORY NO. 9:

State each and every factual basis for your contention that the drill was unsafe as designed as alleged in the Complaint.

ANSWER:

Plaintiff objects to this interrogatory as it calls for legal conclusion.   Further, this interrogatory is premature as plaintiffs have just begun to receive documentation in response to their discovery requests.   This answer will be supplemented. Notwithstanding the foregoing objection, see paragraphs 24 - 28 of the Complaint.

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 7
Case No. C08-5745 FDB

003035-11  319319 V1

INTERROGATORY NO. 10:

State each and every factual basis for your contention that defendant failed to provide proper warnings or instructions as alleged in the Complaint.

ANSWER:

Plaintiff has reviewed the literature provided to him when he purchased drills from defendant. Nowhere in that documentation is there any warning about risk of hearing loss from use of defendant's product or need to use hearing protection when using defendant's product.

INTERROGATORY NO. 11:

Do you or your attorneys or agents know of any persons having knowledge of facts relating to any of the issues raised by the pleadings? If your answer is in the affirmative, state as to each person:

    a.    His/her name, address, telephone number, and occupation;
    b.    The general nature of the facts within his/her knowledge and the issues to which such facts relate.

ANSWER:

The following are my medical providers who have knowledge of or treated me as a result of noise-induced hearing loss:

Stephen G. Kramp, MD       General Practitioner
4545 Pt. Fosdick Dr. NW
Suite 250
Gig Harbor, WA  98335
(253) 530-8000

Charles Souliere Jr., MD      ENT
Tacoma Ear and Balance Clinic
1708 S. Yakima Ave., Suite 112
Tacoma, WA  98405
(253) 627-6731

Daniel Lazar, MD        Neurosurgeon
Neurosurgical Consultants WA
1560 N. 115th, #W209
Seattle, WA 98133
(206) 368-1701

Laura K. Day, Au.D.       Audiologist
Harbor Audiology & Hearing Services, Inc.
4700 Point Fosdick Dr., Suite 212

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 8
Case No. C08-5745 FDB

003035-11 319319 V1

Gig Harbor, WA 98335
(877) 683-2154

Carl Andrew Brodkin, MD, MPH    Occupational Medicine & Environmental Medicine
3607 47th Ave. NE
Seattle, WA 98105
(206) 523-4180

Richard F. Jensen, Ph.D.        Psychologist
Family Center for Behavioral Health
4700 Pt. Fosdick Dr., Suite 302
Gig Harbor, WA 98335
(253) 851-3808

Dr. Mary Simonson              Psychiatrist
4041 Ruston Way, Suite 202
Tacoma, WA 98402
(253) 759-0288

The following are friends, relatives and business associates who either have knowledge that I had to sell my dental practice due to noise-induced hearing loss or the impact that losing my practice and having noise induced hearing loss has had on me or both:

Rich Seims, DDS                      Joseph Bordeaux, DDS
Consani-Seims Ltd.                   Colleague and Friend
Practice Transitions &               Orthodontist
Practice Brokerage                   3519 56th St., Suite 120
15215 52nd Avenue, Suite 28          Gig Harbor, WA 98335
Tukwila, WA 98188                    253-851-5262 (Work)
1-866-348-3800

Jason Kors, CPA                      Rhonda Savage, DDS
Dwyer, Pemberton & Coulson           Colleague and Friend
Longtime Accountant                  Retired Dentist, Now Consulting
1940 East D Street, Suite 200        Address Unknown
Tacoma, WA 98421                     253-549-4300
253-572-9922 (Work)

Pam Kellerman
Friend & Patient
Interior Designer
6005 49th St. NW
Gig Harbor, WA 98335
253-922-5700 (Work)

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 9
Case No. C08-5745 FDB

003035-11 319319 V1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Robert (Bob) S. Murray
Brother In-Law
Chemist
502 Windsor Drive
Framingham, MA 01701
781-223-7955 (Cell)

Jeff Spann
Industrial Hygienist
Department of Labor & Industries
Region 3, Division of Occupational Safety
and Health
950 Broadway, Suite 200
Tacoma, WA  98402
(253) 596-3918

John Gagnon, DDS
Friend, Colleague
Oral & Maxilofacial Surgeon
3510 N. Ridge, Suite 500
Wichita, KS  67205
316-722-0800 (Work)

Gaylon Dacus
Friend
DEA Agent
Address Unknown
El Paso, TX
915-892-5123 (Cell)

Paul J. Delay, Esq.
Longtime Friend, Patient
Attorney at Law
506 Second Avenue, Suite 2500
Seattle, WA  98104
206-622-0670

Matt French
Director of Ins. Services - WDIA
1001 4th Ave., Suite 3800
Seattle, WA  98154
206-441-6824

Dick Jackson
Oral Surgery Practice Consultant
Address Unknown
940-320-7828

Kristine Grace, DDS
Friend, Colleague
Oral & Maxillofacial Surgeon
11201 88th Ave. E., Suite 110
Puyallup, WA  98373
253-445-0022 (Work)

Bill Meyer, PhD
Sports Psychologist
12132 SE 15th Street
Bellevue, WA  98005
(425) 765-2326

Karla Bloomquist, DDS
Dentist/ Friend
4410 Foxglove Dr. NW
Gig Harbor, WA  98332
(253) 514-8865 (home)

Anne Erickson
4803 Saddleback Dr. NW
Gig Harbor, WA  98332

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 10
Case No. C08-5745 FDB

003035-11 319319 V1

Cloie Johnson, M.Ed., ABVE, CCM
OSC Vocational Systems
10132 NE 185th
Bothell, WA  98011
(425) 486-4040

Ms. Johnson has evaluated Dr. Erickson regarding vocational retraining.

INTERROGATORY NO. 12:

List every doctor or other health care provider from whom you have received treatment within the last 10 years, including the dates and nature of the treatment received.  This is meant to include, but is not limited to, not only all physicians, but also any counselors, psychologists, therapists, mental health providers, addiction specialists, and/or drug and alcohol rehabilitation workers or counselors.

ANSWER:

Plaintiff objects to this interrogatory on the grounds that it is overbroad and irrelevant and not reasonably calculated to lead to discovery of admissible evidence.  Without waiving these objections, plaintiff has been examined or treated by the following health care providers since 2004:

Stephen Kramp, MD
General Practitioner
MultiCare Medical Group
Nature of Treatment:  General adult care, annual physical and screenings, flu shot.
Dates:  Please refer to records

Laura K. Day, AuD
Audiologist
Nature of Treatment:  Noise Induced Hearing Loss and Tinnitus, no treatment.
                          Annual audiogram, management of hearing aide.
Dates:  Please refer to records

Carl Andrew Brodkin, MD, MPH, FACOEM
Internal Medicine, Occupational & Environmental Medicine
Nature of Treatment:  Clinical evaluation, Hx & Physical, Disability and Impairment
                          Assessment and Rating
Dates:  Please refer to records

J. Michael Watt, MD
Orthopedic & Sports Medicine
Orthopedic Specialists of Seattle
Nature of Treatment:  Arthroscopic knee surgery
                      Sports related injuries:  torn meniscus
Dates:  R Knee 07/2005 and L Knee 10/2007

Richard F. Jensen, PhD
Licensed Clinical Psychologist
Nature of Treatment:  Issues regarding loss of career, business, identity, income.
Dates:  2007

Charles R. Souliere, Jr. MD
Tacoma Ear and Balance Clinic
Nature of Treatment:  First Audiogram documenting NIHL, no treatment.
Dates:  Please refer to records

Daniel Lazar, MD
Seattle Neurosurgery
Nature of Treatment:  Diagnostic MRI, R/O Acoustic Neuroma, No treatment.
Dates:  Please refer to records

Raed N. Fahmy, MD
Cardiac Health Specialists
Nature of Treatment:  Diagnostic, dysrhythmia associated with short course of
           baby aspirin.  Spontaneously resolved.
Dates:  Summer 2002 (?)

John G. Carrougher, MD
Gastroenterologist
Nature of Treatment:  Diagnostic, upper endoscopy.  Gastritis, treated with Nexium,
           resolved.
Dates:  Spring 2001(?)

Former General Practitioner, Now Retired
Dr. Thiesen
Nature of Treatment:  One or two visits only for physical, etc.
Dates:  Late 90's, maybe 2000 (Do not really remember)

Mark W. Taylor, MD
Pacific Northwest Eye Associates, PS
Ophthalmologist
Nature of Treatment: No treatment, routine eye exam
Dates:  ~2006

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 12
Case No. C08-5745 FDB

003035-11 319319 V1

Mary Simonson, MD
Psychiatrist
Nature of Treatment:  Issues regarding loss of career, business, identity, income.
Dates:  Please refer to records

Karla Bloomquist, DDS (Current Dentist)
SoundBridge Center For Dental Arts
Gig Harbor, WA  98335
Nature of treatment:  Routine dental exam and hygiene
Dates:  2006 - Present

Rhonda Savage, DDS  (Former Dentist, now retired)
Gig Harbor, WA  98335
Nature of treatment:  Routine dental exams, hygiene, veneers (2)
Dates:  1997 - 2006

INTERROGATORY NO. 13:

Have any of your expenses relating to your alleged damages been billed to or paid by any other person, employer, insurance company, governmental agency, or charitable organization.  If so, please identify each such party and the expenses billed to or paid by that person or entity.

ANSWER:

Plaintiff objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding the foregoing objections:

My medical insurance has covered some of the visits to providers and diagnostic testing relating to my diagnosis, after my deductible was met.  This would include visits to Dr. Kramp General Practitioner), Dr. Laura Day (Audiologist), Dr. Lazar (Neuro), Dr. Souliere (ENT) and I am getting coverage for visits to Dr. Mary Simonson (Psy.), though these will be limited to 12 per year.

I did not get coverage for my hearing aide and the evaluations by Dr. Brodkin, which together add up to just under $20,000.00.

Insurance Company in 2006/2007:    Premera Blue Cross (Business Policy)

Insurance Company since June 2007 – Present:   Regence Blue Shield (Ind. Policy)

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 13
Case No. C08-5745 FDB

003035-11  319319 V1

INTERROGATORY NO. 14:

Please state your employment history for the past ten years including the name and address of each business you owned or employer, the dates of ownership or employment, a description of the services you performed, and the name of your immediate superior to whom you were responsible at each of the places of employment.

ANSWER:

Only one employer:  Self Employed  (4/1997 – 4/2007)

Sound Oral and Maxillofacial Surgery, PS
Tacoma Office                          Gig Harbor Office
1628 S. Mildred, Suite 210             2727 Hollycroft, Suite 270
Tacoma, WA  98465                      Gig Harbor, WA  98335

Description of services provided to patients:  Comprehensive oral and maxillofacial

surgery services including but not limited to:  Pre-operative evaluations including chief

complaint, history and physical, determination of ASA classification and development of

surgical plan with anesthesiology approach.  Intra-operative initiation and management of IV

general anesthesia or IV sedation; patient monitoring utilizing EKG, blood pressure, pulse

oximetry and pre-cordial / pre-tracheal stethoscope while titrating anesthetic agents to desired

level of effectiveness with concurrent maintenance of patent airway while simultaneously

performing the necessary surgical procedure.  Immediate post-operative patient monitoring in

surgical suite and recovery room, performing discharge evaluation utilizing Aldrete post

anesthesia recovery criteria as well as assessing surgical site stability.  Performed post-operative

surgical evaluations as needed post procedure, dependent upon individual indications.

Typical surgical procedures performed:  Dentoalveolar surgery, pre-prosthetic surgery,

and reconstructive bone grafting including sinus-lift, block grafting, particulate grafting utilizing

autograft, allograft, xenograft and/or synthetic grafting material.  Surgical placement of dental

implants.  Other clinical services included radiological evaluation, typically panographic, CT and

MRI films, trauma evaluation, stabilization and surgical intervention, oral pathology and head

and neck infection management.

INTERROGATORY NO. 15:

Identify all expert witnesses you intend to call at trial, and as to each, state the subject matter and the substance of the facts and opinions to which the expert is expected to testify as well as a summary for the grounds for each opinion.

ANSWER:

Plaintiff objects to identifying experts as premature.  Plaintiff will comply with the case schedule and identify experts by March 22, 2010.

INTERROGATORY NO. 16:

Have you ever been involved in any other legal actions, either as a defendant or as a plaintiff?  If so, state:

    a.    the date each action was filed, the court, the names of the parties and their attorneys; and

    b.    a description of the nature of each such action.

ANSWER:

Yes.

2004 – Employment issue involving an associate whom I terminated
    Parties:  Jennifer Forshey
    Sound Oral & Maxillofacial Surgery, PS
    Federal Court – Western Washington
    Settlement reached

2002 – Construction Issue – Defective Workmanship, Unlicensed Sub-Contractor
    Parties:  Multiple
     Myself and wife, Floorcraft, Wm. Daly / Bamboo Hardwoods
     WA State Department of L&I, USAA Insurance Company
     Pierce County Court System; some action may also have been in King.
     Our portion was settled in arbitration.

2000 – Construction Issue – Defective Workmanship, Failure to Obtain Final CO
    Parties:  Myself & my wife
    Godulas Homes
    Pierce County Court System
    Matter settled in arbitration

1

INTERROGATORY NO. 17:

2

Identify all states or jurisdictions where you have applied for a license to practice
dentistry in any form, including but not limited to dental general anesthesia.  For each, please
indicate the date of application.

3

4

ANSWER:

5

I have applied for and held a dental license and general anesthesia permit in only the

6

State of Washington.  I applied for and received my dental license in 1989 and I obtained a

7

general anesthesia permit in 1995.

8

## REQUESTS FOR PRODUCTION

9

REQUEST FOR PRODUCTION NO. 1:

10

11

Produce a copy of your current resume or curriculum vitae.

12

RESPONSE:

13

This document will be produced.

14

REQUEST FOR PRODUCTION NO. 2:

15

16

Produce each and every medical, psychological, pharmacy or psychiatric record and/or
other document, including diagnostic, imaging and other test results and pathology specimens, or
any other documents that form the basis of the claims in the Complaint.

17

18

RESPONSE:

19

Plaintiff will sign a stipulation for release of medical records from 1997 to present.  To

20

the extent that plaintiff is in possession of any of these records, they will be produced.

21

REQUEST FOR PRODUCTION NO. 3:

22

Produce each and every medical, psychological, pharmacy or psychiatric record and/or
other document, including diagnostic, imaging and other test results and pathology specimens,
concerning the diagnosis of, prognosis of and/or treatment of any physical or mental injury,
illness, disease or other condition that you have had since 1997.

23

24

25

26

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 16
Case No. C08-5745 FDB

003035-11 319319 V1

RESPONSE:

Plaintiff objects to this request for production on the grounds that it is overbroad and irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Without waiving these objections, plaintiff will sign a stipulation for release of medical records from 1997 to present. To the extent that plaintiff is in possession of any of the requested records, they will be produced.

REQUEST FOR PRODUCTION NO. 4:

Produce each and every document prepared by any Health Care Practitioner who has treated you since 1997.

RESPONSE:

Plaintiff objects to this request for production on the grounds that it is overbroad and irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Without waiving these objections, plaintiff will sign a stipulation for release of medical records from 1997 to present. To the extent that plaintiff is in possession of any of the requested records, they will be produced.

REQUEST FOR PRODUCTION NO. 5:

Produce all documents, including but not limited to, all manuals, receipts, correspondence, literature, articles, and brochures given to you by defendant, its agents, or representatives.

RESPONSE:

Documents will be produced to the extent they are in plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 6:

Produce all documents, including but not limited to, all manuals, literature, articles, brochures, studies, and papers, supporting your claims against defendant in this action.

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 17
Case No. C08-5745 FDB

003035-11 319319 V1

RESPONSE:

Documents will be produced to the extent they are in plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 7:

Produce all documents referenced in paragraph 19 of your Complaint.

RESPONSE:

Documents will be produced to the extent they are in plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 8:

Produce all documents referenced in paragraph 20 of your Complaint.

RESPONSE:

Documents will be produced to the extent they are in plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 9:

Produce all documents evidencing any more feasible alternative to Defendant's product.

RESPONSE:

Documents will be produced to the extent they are in plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 10:

Produce all documents supporting your claims that you have suffered hearing loss as a result of defendant's product.

RESPONSE:

*See* medical records.

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 18
Case No. C08-5745 FDB

003035-11 319319 V1

1  REQUEST FOR PRODUCTION NO. 11:

2  Produce each and every investigative report, analysis, tests, inspection, or other study
3  performed on, or that relates to, the pneumatic drill.

4  RESPONSE:

5  Documents will be produced to the extent they are in plaintiff's possession, custody or
6  control.

7  REQUEST FOR PRODUCTION NO. 12:

8  Please produce all documents evidencing any servicing of defendant's product, including
9  both servicing by defendant and any other servicing not done by defendant.

10  RESPONSE:

11  Documents will be produced to the extent they are in plaintiff's possession, custody or
12  control.

13  REQUEST FOR PRODUCTION NO. 13:

14  Please produce all documents regarding the purchase, sale, use, or servicing of any drills
15  used by you that were manufactured or sold by companies other than defendant.

16  RESPONSE:

17  N/A with respect to high speed surgical drills.

18  REQUEST FOR PRODUCTION NO. 14:

19  Produce all written statements taken by you or anyone on your behalf concerning the
20  subject matter of this case.

21  RESPONSE:

22  N/A

23  REQUEST FOR PRODUCTION NO. 15:

24  Produce all personal diaries, logs, journals, calendars, notebooks, or similar documents
25  that contain information relating to events which form the basis of this lawsuit, relating to the
    drill, and/or relating to your medical condition at any time.

26

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 19
Case No. C08-5745 FDB

003035-11  319319 V1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

RESPONSE:

Documents will be produced to the extent they are in plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 16:

Produce all notes, letters, e-mails, or other documents or communications that you delivered to or received from anyone that relate to the drill or to any and all alleged injuries that are the subject matter of this case.

RESPONSE:

Documents will be produced to the extent they are in plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 17:

Produce all documents relating to any communications that you (or anyone acting on your behalf) had with any other individual, organization or group concerning the subject matter of this case.

RESPONSE:

*See* Response to Request for Production No. 16.

REQUEST FOR PRODUCTION NO. 18:

Produce any statements that you (or anyone acting on your behalf) obtained from the defendant or any of its agents in this case.

RESPONSE:

N/A

REQUEST FOR PRODUCTION NO. 19:

Produce each and every bill, invoice, receipt and/or financial statement concerning the diagnosis, prognosis and/or treatment of any and all alleged injuries connected with the subject of this case.

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 20
Case No. C08-5745 FDB

003035-11 319319 V1

RESPONSE:

Plaintiff will sign a stipulation for release of medical bills from 1997 to present. To the extent that plaintiff is in possession of any of the requested records, they will be produced.

REQUEST FOR PRODUCTION NO. 20:

Produce all documents supporting any claim for lost wages or income.

RESPONSE:

*See* attached.

Income Tax Returns 2000 – 2007 & comparison chart
P& S for business
2008 will be supplemented once filed

REQUEST FOR PRODUCTION NO. 21:

Produce all documents supporting any claim for financial losses or expenses not already covered by the preceding requests.

RESPONSE:

Documents will be produced to the extent they are in plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 22:

Produce your state and federal income tax returns for the years 2000 to present. This request includes not only any personal individual returns, but also any business/corporate returns (if any).

RESPONSE:

*See* Plaintiff's Response to Request for Production No. 20.

REQUEST FOR PRODUCTION NO. 23:

Produce all documents regarding any liens or subrogated claims filed in this case.

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 21
Case No. C08-5745 FDB

003035-11 319319 V1

RESPONSE:

N/A

REQUEST FOR PRODUCTION NO. 24:

Produce a copy of all exhibits you intend to use at trial in this matter.

RESPONSE:

Plaintiff objects to this request for production as premature. Plaintiff will identify and produce all exhibits intended to use at trial as required by Federal Rules of Civil Procedure and the case schedule.

REQUEST FOR PRODUCTION NO. 25:

Produce a copy of the most current resume or curriculum vitae of each and every expert witness you intend to call to testify at the time of trial in this matter.

RESPONSE:

Plaintiff objects to identifying experts as premature. Plaintiff will comply with the case schedule and identify experts by March 22, 2010.


ANSWERS DATED this 25TH day of August, 2009.


HAGENS BERMAN SOBOL SHAPIRO LLP


By
Anthony D. Shapiro, WSBA No. 12824
David P. Moody, WSBA No. 22853
Martin D. McLean, WSBA No. 33269
1301 Fifth Avenue, Suite 2900
Seattle, Washington  98101
Tel.: (206) 623-7292
Fax:  (206) 623-0594
tony@hbsslaw.com

Attorneys for Plaintiffs

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 22
Case No. C08-5745 FDB

003035-11  319319 V1

1                                    VERIFICATION

2    STATE OF WASHINGTON )
                          ) ss.
3    COUNTY OF PIERCE     )

4          I, Robert Todd Erickson, certify under penalty of perjury under the laws of the State of

5    Washington that the foregoing answers and responses are true and correct.

6          DATED this 28 day of August, 2009.

7

8                                    ROBERT TODD ERICKSON

9    SUBSCRIBED AND SWORD TO before me this 28th day of August, 2009.

10

11

12                                   NOTARY PUBLIC in and for the State of
                                     WA, residing at Seattle.
13
                                     My commission expires: 05-10-2012
14

15

16

17

18

19

20

21

22

23

24

25

26

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 23
Case No. C08-5745 FDB

003035-11  319319 V1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the law offices of Hagens Berman Sobol Shapiro LLP, and is a person of such age and discretion as to be competent to serve papers.

I hereby certify that on August 28, 2009, I served via messenger Answers and Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiff Todd Erickson on the following:

Mr. D.K. Yoshida
OGDEN MURPHY WALLACE P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington  98101-1686

Attorneys for Defendant MicroAire Surgical Instruments LLC

DATED this 28th day of August, 2009.

Laurie Cecil, Paralegal
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

DEF.'S 1ST SET OF INTERROG. & RFP TO
PLF. TODD ERICKSON & ANSWERS THERETO- 24
Case No. C08-5745 FDB

003035-11 319319 V1

Exhibit 5



**OGDEN MURPHY WALLACE**
P.L.L.C
ATTORNEYS AT
LAW

*Jaime D. Allen*
*206.442.1311*
*jallen@omwlaw.com*

April 20, 2010

**VIA E-MAIL AND U.S. MAIL**

Anthony Shapiro
Hagens Berman Sobol Shapiro
1918 Eighth Avenue
Suite 3300
Seattle, Washington  98101

RE:   *Erickson v. MicroAire*
      Microaire's Second Sets of Discovery to Todd and Anne Erickson

Dear Tony:

I write regarding serious deficiencies in both Todd and Anne Erickson's Answers and Responses to Defendant's Second Set of Interrogatories and Requests for Production.  The responses and answers that Plaintiffs have given are not within the spirit or the letter of the Federal Rules of Civil Procedure.  I assume that your office will supplement these responses appropriately, so as to avoid needless motions practice before the Court.

However, if Plaintiffs choose not to fully supplement their responses by **April 22 at 9:00 a.m.,** please plan to participate in a Fed.R.Civ.P. 37 discovery conference at that time.  Pursuant to my other letter, if this time is unavailable, I am available at your office's convenience on April 22. If your office cannot participate in a discovery conference until April 26, 2010, I will plan that we will (1) set a discovery conference for **April 26, 2010 at 1:00 p.m.**; and (2) extend the discovery cut-off for 1 week due to your firm's delay in being able to participate in a conference.

I have detailed the responses and answers that require supplementation in the enclosed document.

Very truly yours,

OGDEN MURPHY WALLACE, P.L.L.C.

Jaime D. Allen

Enclosure

Established 1902
A Member of the International Lawyers Network with independent member law firms worldwide

1601 Fifth Avenue, Suite 2100  •  Seattle, WA 98101-1686  •  206.447.7000  •  Fax: 206.447.0215  •  Web: www.omwlaw.com
{JDA782552.DOC;1\12459.000005\ }

Anthony Shapiro
April 20, 2010
Page 2


bcc:    Chris Spofford
        Nancy Mullican
        Brett Sarason

**Carole S. Henry**

| | |
|---|---|
| **From:** | Carole S. Henry on behalf of Jaime D. Allen |
| **Sent:** | Tuesday, April 20, 2010 1:09 PM |
| **To:** | 'tony@hbsslaw.com' |
| **Subject:** | Erickson v. MicroAire |
| **Attachments:** | image001.gif; shapiro.PDF |

Carole Henry  |  Legal Assistant to Robert André, Jaime Allen and Jane Savard



Ogden Murphy Wallace P.L.L.C.
1601 Fifth Ave., Suite 2100 Seattle, WA 98101
phone: 206.447.7000  |  fax: 206.447.0215
chenry@omwlaw.com |  omwlaw.com

**CONFIDENTIAL COMMUNICATION** - This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender. It may contain information that is proprietary, privileged, and/or confidential. If you are not the intended recipient, any disclosure, copying, distribution, or use of any of the contents is STRICTLY PROHIBITED. If you have received this message in error, please notify the sender immediately and destroy the original transmission and all copies.

| 2nd Set of Discovery to Todd Erickson | 2nd Set of Discovery to Anne Erickson | Deficiencies |
|---|---|---|
| RFP 2, 5 | RFP 2, 5 | Your objections are unfounded.  There is no privacy interest in employee resumes or dates of employment.  To the extent you believe that employee evaluations, reviews, and/or performance appraisals are entitled to some confidentiality, please draft and propose an appropriate protective order.  Please produce all requested documents. |
|  | Rog 1 | The interrogatory asks that you state the total amount of damages you are claiming, the method by which the amount was computed or determined, and a full description for the basis of your claim.  Plaintiff has provided none of this information.  Please fully respond to this interrogatory. |
|  | RFP 7 | Please produce the records you claim support your response to the preceding interrogatory.  To the extent you have already produced such documents, you are required to list the specific documents to which you are referring (by bates number).  To the extent you are relying on other documents, and/or your own medical records, you will need to produce those as well. |
| RFP 8 | RFP 8 | Please produce the drills.  Defendant has repeatedly asked for these drills, which should have been disclosed and produced as part of Plaintiffs' Initial Disclosures.  No protocol or other processes are needed.  To the extent you believe any protocol are needed, please prepare such protocol or processes. |
| RFP 10, 11, 12 | RFP 10, 11, 12 | The documents requested are relevant to this matter.  And, although Defendant has subpoenaed these documents from Dr. Forshey, Plaintiffs have moved to quash that subpoena.  Many documents are not available through the public record and must be produced. |
| RFP 14 | RFP 14 | Please confirm that you are not withholding any documents based on your objections.  And, if you are withholding any documents please produce them, as they meet Fed.R.Civ.P. 26's standard for discoverable information. |
| RFP 15 | RFP 15 | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. |
| RFP 16 | RFP 16 | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. |
| RFP 18 | RFP 18 | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. |
| RFP 19 | RFP 19 | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. |

{JDA782554.DOC;1\12459.000005\ }

| 2nd Set of Discovery to Todd Erickson | 2nd Set of Discovery to Anne Erickson | Deficiencies |
|---|---|---|
| RFP 21 | RFP 21 | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. |
| RFP 24 | RFP 24 | Please confirm that you are not withholding any documents based on your objections. Regardless of whether a subpoena was served, Plaintiffs are required to produce all documents in their possession. |
| Rog 3 | Rog 4 | Please fully answer this interrogatory. Plaintiff claims Defendant's product allegedly caused hearing loss. Defendant has the right to an extensive medical history of Plaintiff. As to Mrs. Erickson, please identify all health providers, not those since 2006. |
| RFP 25 | | Similar to Interrogatory No. 3, please fully respond to this request. As to Mrs. Erickson, after you identify all providers, we will send a stipulation to obtain the records, please confirm she will sign such stipulation. |
| | Rog 5 | Please confirm that you are not withholding any documents based on your objections. |
| RFP 26 | RFP 27 | Please confirm that you are not withholding any documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. |
| RFP 29 | RFP 31 | Please confirm that you are not withholding any documents based on your objection. |
| RFP 30 | RFP 30 | Please produce these items. No protocol or other processes are needed. To the extent you believe any protocol are needed, please prepare such protocol or processes. |
| RFP 32 | RFP 33 | Please confirm that you are not withholding any documents based on your objections. To the extent you are withholding documents, please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. |
| RFP 33 | RFP 34 | Please confirm that you are not withholding any documents based on your objections. To the extent you are withholding documents, please produce the requested documents as they meet. Fed.R.Civ.P. 26's standard for discoverable information. |
| RFP 34 | RFP 35 | Please confirm that you are not withholding any documents based on your objections. To the extent you are withholding documents, please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. |
| Rog 4 | Rog 6 | Please fully answer this interrogatory. Plaintiffs claim economic damages and Defendant has a right to know this information to defend against these claims. |
| Rog 5 | Rog 7 | The tax returns do not provide the requested information. Please fully answer this interrogatory. Please produce the requested information as it meets Fed.R.Civ.P. 26's |

| 2nd Set of Discovery to Todd Erickson | 2nd Set of Discovery to Anne Erickson | Deficiencies |
|---|---|---|
| | | standard for discoverable information |
| Rog 6 | | This interrogatory does not request documents, but requests Plaintiff to list the names, addresses, and phone numbers of all dentists that referred more than 5 patients. FRCP 33(d) only allows the production of documents if those documents answer the interrogatory, to the extents such documents do not exist, Plaintiff is not relieved of his burden of fully and completely answering the posed interrogatory. Please fully respond to the interrogatory. |
| Rog. 7 | | Please fully respond to this interrogatory. To the extent Plaintiff does not have records, Plaintiff is required to answer to the best of his ability. |
| RFP 35 | | Please produce all documents responsive to this request, as it meets Fed.R.Civ.P. 26's standard for discoverable information. |
| RFP 38 | RFP 38 | Each Plaintiff responded to this RFP differently. As to Mrs. Erickson, please confirm that no documents are being withheld. As to Dr. Erickson, your objections are unfounded. There is no privacy interest in employee resumes or dates of employment. To the extent you believe that employee evaluations, reviews, and/or performance appraisals are entitled to some confidentiality, please draft and propose an appropriate protective order. Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. |
| Rog 9 | | Your objections are unfounded. There is no privacy interest in employee resumes or dates of employment. To the extent you believe that employee evaluations, reviews, and/or performance appraisals are entitled to some confidentiality, please draft and propose an appropriate protective order. Please produce the requested information as it meets Fed.R.Civ.P. 26's standard for discoverable information. |
| RFP 46 | RFP 46 | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. |
| RFP 47 | RFP 47 | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. |
| Rog 11 | | Please confirm that the cited deposition testimony encompasses *all* steps taken by you and/or SOMS to protect the hearing of your employees. |
| Rog 12 | | This interrogatory does not request documents, but requests Plaintiff to provide names, addresses, and phone numbers of all persons employed by SOMS. FRCP 33(d) only allows the production of documents if those documents answer the interrogatory, to the extents such documents do not exist, Plaintiff is not relieved of his burden of fully and completely |

{JDA782554.DOC;1\12459.000005 }

| 2nd Set of Discovery to Todd Erickson | 2nd Set of Discovery to Anne Erickson | Deficiencies |
|---|---|---|
| | | answering the posed interrogatory. Please fully respond to the interrogatory. |
| Rog 13 | | Please confirm that Plaintiff does not know, and cannot find out, who was responsible for SOMS' billing for the period of January 1, 1997 through the present. Plaintiff has an affirmative duty to obtain this information if it is in his possession, custody, or control. |
| RFP 51 | | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. |

{JDA782554.DOC;1\12459.000005\ }

Exhibit 6



**OGDEN
MURPHY
WALLACE**
P. L. L. C
ATTORNEYS AT
LAW

*Jaime D. Allen*
*206.442.1311*
*jallen@omwlaw.com*

April 27, 2010

**VIA E-MAIL AND U.S. MAIL**

Anthony Shapiro
Hagens Berman Sobol Shapiro
1918 Eighth Avenue
Suite 3300
Seattle, Washington 98101

RE:     *Erickson v. MicroAire*
        April 22, 2010 Discovery Conference Regarding 2nd Set of Discovery to Todd Erickson
        and 1st Set of Discovery to Anne Erickson

Dear Mr. Shapiro:

On April 22, 2010, we met and conferred regarding the deficiencies in Plaintiffs' discovery
responses to MicroAire's 2nd Set of Discovery to Todd Erickson and 1st Set of Discovery to
Anne Erickson.  MicroAire's concerns were initially detailed in my April 20, 2010 letter to you.
Attached please find a chart summarizing the discovery at issue and disposition of each request
after our discovery conference.

During our call, you agreed to look at a number of items and let me know by Wednesday, April
28, 2010, whether or not you would provide additional information/documents.

MicroAire reserves the right to file a motion to compel on all unresolved issues discussed at the
conference.  To the extent that Plaintiffs produce documents and/or supplement their responses
sufficient to address MicroAire's concerns, MicroAire will withdraw the relevant portion of any
motion filed.

Very truly yours,

OGDEN MURPHY WALLACE, P.L.L.C.

Jaime D. Allen

Enc.

Established 1902
A Member of the International Lawyers Network with independent member law firms worldwide

1601 Fifth Avenue, Suite 2100  •  Seattle, WA 98101-1686  •  206.447.7000  •  Fax: 206.447.0215  •  Web: www.omwlaw.com
{JDA785235.DOC;1\12459.000005\ }

| 2nd Set of Discovery to Todd Erickson | 1st Set of Discovery to Anne Erickson | Deficiencies | Result from Discovery Conference |
|---|---|---|---|
| RFP 2, 5 | RFP 2, 5 | Your objections are unfounded. There is no privacy interest in employee resumes or dates of employment. To the extent you believe that employee evaluations, reviews, and/or performance appraisals are entitled to some confidentiality, please draft and propose an appropriate protective order. Please produce all requested documents. | **RFP 2:** Plaintiffs question if this request is reasonably calculated to lead to the discovery of admissible evidence; believe that they have 2-5 performance evaluations; no performance evaluations since 2004 because the current owner retained those records; do not agree to produce responsive documents in their possession. **RFP 5:** Plaintiffs agreed to produce resumes if they have any, may be 2-3 resumes total; state that payroll records would indicate dates of employment. |
|  | Rog 1 | The interrogatory asks that you state the total amount of damages you are claiming, the method by which the amount was computed or determined, and a full description for the basis of your claim. Plaintiff has provided none of this information. Please fully respond to this interrogatory. | Plaintiffs claim that they do not need to state the approximate amount of damages they are claiming for loss of consortium; do not believe there is a formula for determining the damages; state that this damages calculation is dependent on a lot of terms. |
|  | RFP 7 | Please produce the records you claim support your response to the preceding interrogatory. To the extent you have already produced such documents, you are required to list the specific documents to which you are referring (by bates number). To the extent you are relying on other documents, and/or your own medical records, you will need to produce those as well. | Plaintiffs confirm that the information is contained in expert reports and that they have already identified all providers since 2006. Plaintiffs confirm they have are not withholding any documents and have no additional documents to produce. |

| 2nd Set of Discovery to Todd Erickson | 1st Set of Discovery to Anne Erickson | Deficiencies | Result from Discovery Conference |
|---|---|---|---|
| RFP 8 | RFP 8 | Please produce the drills. Defendant has repeatedly asked for these drills, which should have been disclosed and produced as part of Plaintiffs' Initial Disclosures. No protocol or other processes are needed. To the extent you believe any protocol are needed, please prepare such protocol or processes. | Plaintiffs proposed that the parties agree to reciprocal drill testing of each parties' drills so that (1) there is no destructive testing; and (2) the parties can send a representative to videotape the testing being done. If MicroAire agreed to this protocol, Plaintiffs would produce the drills within the next 10 days. During the parties' teleconference on April 21, 2010, MicroAire's counsel expressed concerns with videotaping the testing of the drills. After conferring with other MicroAire counsel, the parties again discussed this matter on April 26, 2010. MicroAire reiterated its objection to having all tests videotaped. MicroAire requests that the drills in Plaintiffs' possession be produced pursuant to the terms set forth in Emily Gant's March 19, 2010 letter to Marty McLean. |

| 2nd Set of Discovery to Todd Erickson | 1st Set of Discovery to Anne Erickson | Deficiencies | Result from Discovery Conference |
|---|---|---|---|
| RFP 10, 11, 12 | RFP 10, 11, 12 | The documents requested are relevant to this matter. And, although Defendant has subpoenaed these documents from Dr. Forshey, Plaintiffs have moved to quash that subpoena. Many documents are not available through the public record and must be produced. | Plaintiffs do not agree to produce these documents, stating that Defendant has acquired a number of these documents through other methods. Plaintiffs expressed that it was "underhanded" for MicroAire to go directly to the court reporters who transcribed the requested depositions. |
| RFP 14 | RFP 14 | Please confirm that you are not withholding any documents based on your objections. And, if you are withholding any documents please produce them, as they meet Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs confirm they have are not withholding any documents and have no additional documents to produce. |
| RFP 15 | RFP 15 | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs maintain their objections and are not waiving their arguments regarding admissibility, but have agreed to look for and produce responsive documents. |
| RFP 16 | RFP 16 | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs do not agree to produce these documents. |

| 2nd Set of Discovery to Todd Erickson | 1st Set of Discovery to Anne Erickson | Deficiencies | Result from Discovery Conference |
|---|---|---|---|
| RFP 18 | RFP 18 | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs do not agree to produce these documents. Plaintiffs maintain that these are personal statements that are irrelevant to the suit. |
| RFP 19 | RFP 19 | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs do not agree to produce these documents. |
| RFP 21 | RFP 21 | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs will consider producing these documents and get back to MicroAire's counsel by Wednesday, April 28, 2010 as to whether or not they will produce the documents. |
| RFP 24 | RFP 24 | Please confirm that you are not withholding any documents based on your objections. Regardless of whether a subpoena was served, Plaintiffs are required to produce all documents in their possession. | Plaintiffs confirm they have are not withholding any documents and have no additional documents to produce. |

| 2nd Set of Discovery to Todd Erickson | 1st Set of Discovery to Anne Erickson | Deficiencies | Result from Discovery Conference |
|---|---|---|---|
| Rog 3 | Rog 4 | Please fully answer this interrogatory. Plaintiff claims Defendant's product allegedly caused hearing loss. Defendant has the right to an extensive medical history of Plaintiff. As to Mrs. Erickson, please identify all health providers, not those since 2006. | Plaintiffs have listed all of Dr. Erickson's providers since 2000. Plaintiffs will not provide any further providers. |
| RFP 25 | | Similar to Interrogatory No. 3, please fully respond to this request. As to Mrs. Erickson, after you identify all providers, we will send a stipulation to obtain the records, please confirm she will sign such stipulation. | Plaintiffs do not have these documents; if the Court deems that MicroAire is entitled to Dr. Erickson's records before 2000, then Plaintiff will sign stipulations. |
| | Rog 5 | Please confirm that you are not withholding any documents based on your objections. | Plaintiffs do not agree to provide any further providers. |
| RFP 26 | RFP 27 | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs do not agree to produce these documents. |

| 2nd Set of Discovery to Todd Erickson | 1st Set of Discovery to Anne Erickson | Deficiencies | Result from Discovery Conference |
|---|---|---|---|
| RFP 29 | RFP 31 | Please confirm that you are not withholding any documents based on your objection. | Plaintiffs confirm they have are not withholding any documents and have no additional documents to produce. |
| RFP 30 | RFP 30 | Please produce these items. No protocol or other processes are needed. To the extent you believe any protocol are needed, please prepare such protocol or processes. | Plaintiffs proposed that the parties agree to reciprocal drill testing of each parties' drills so that (1) there is no destructive testing; and (2) the parties can send a representative to videotape the testing being done. If MicroAire agreed to this protocol, Plaintiffs would produce the drills within the next 10 days. During the parties' teleconference on April 21, 2010, MicroAire's counsel expressed concerns with videotaping the testing of the drills. After conferring with other MicroAire counsel, the parties again discussed this matter on April 26, 2010. MicroAire reiterated its objection to having all tests videotaped. MicroAire requests that the drills in Plaintiffs' possession be produced pursuant to the terms set forth in Emily Gant's March 19, 2010 letter to Marty McLean. |

| 2nd Set of Discovery to Todd Erickson | 1st Set of Discovery to Anne Erickson | Deficiencies | Result from Discovery Conference |
|---|---|---|---|
| RFP 32 | RFP 33 | Please confirm that you are not withholding any documents based on your objections. To the extent you are withholding documents, please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs confirm they have are not withholding any documents and have no additional documents to produce. |
| RFP 33 | RFP 34 | Please confirm that you are not withholding any documents based on your objections. To the extent you are withholding documents, please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs confirm they have are not withholding any documents and have no additional documents to produce. |
| RFP 34 | RFP 35 | Please confirm that you are not withholding any documents based on your objections. To the extent you are withholding documents, please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs confirm they have are not withholding any documents and have no additional documents to produce. |
| Rog 4 | Rog 6 | Please fully answer this interrogatory. Plaintiffs claim economic damages and Defendant has a right to know this information to defend against these claims. | Plaintiffs do not agree to produce this information. |

| 2nd Set of Discovery to Todd Erickson | 1st Set of Discovery to Anne Erickson | Deficiencies | Result from Discovery Conference |
|---|---|---|---|
| Rog 5 | Rog 7 | The tax returns do not provide the requested information. Please fully answer this interrogatory. Please produce the requested information as it meets Fed.R.Civ.P. 26's standard for discoverable information | Plaintiffs do not have this information. Plaintiffs have produced all business records, and suggest that MicroAire subpoena records from their accountant. |
| Rog 6 | | This interrogatory does not request documents, but requests Plaintiff to list the names, addresses, and phone numbers of all dentists that referred more than 5 patients. FRCP 33(d) only allows the production of documents if those documents answer the interrogatory, to the extents such documents do not exist, Plaintiff is not relieved of his burden of fully and completely answering the posed interrogatory. Please fully respond to the interrogatory. | Plaintiffs have produced a list of referring dentists. MicroAire asked for a bates range to be provided if they are relying on these documents to respond to the interrogatory. Plaintiffs' counsel will look to see if he can determine and provide MicroAire with a bates range by Wednesday, April 28, 2010. |
| Rog. 7 | | Please fully respond to this interrogatory. To the extent Plaintiff does not have records, Plaintiff is required to answer to the best of his ability. | Plaintiffs do not have access to the database at SOMS. Plaintiffs' counsel stated that perhaps they could come up with some names responsive to the interrogatory. MicroAire requested that Plaintiffs supplement their interrogatory response accordingly. |
| RFP 35 | | Please produce all documents responsive to this request, as it meets Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs' counsel will look for these documents and produce what documents Plaintiffs have by Wednesday, April 28, 2010. |

| 2nd Set of Discovery to Todd Erickson | 1st Set of Discovery to Anne Erickson | Deficiencies | Result from Discovery Conference |
|---|---|---|---|
| RFP 38 | RFP 38 | Each Plaintiff responded to this RFP differently. As to Mrs. Erickson, please confirm that no documents are being withheld. As to Dr. Erickson, your objections are unfounded. There is no privacy interest in employee resumes or dates of employment. To the extent you believe that employee evaluations, reviews, and/or performance appraisals are entitled to some confidentiality, please draft and propose an appropriate protective order. Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs confirm they have are not withholding any documents and have no additional documents to produce. |
| Rog 9 | | Your objections are unfounded. There is no privacy interest in employee resumes or dates of employment. To the extent you believe that employee evaluations, reviews, and/or performance appraisals are entitled to some confidentiality, please draft and propose an appropriate protective order. Please produce the requested information as it meets Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs have produced tax returns and payroll records, along with bonus information within the payroll records. Plaintiffs declined to identify bates numbers to MicroAire. MicroAire reserved the right to move to compel, based on Fed.R.Civ.P. 33(d). |

| 2nd Set of Discovery to Todd Erickson | 1st Set of Discovery to Anne Erickson | Deficiencies | Result from Discovery Conference |
|---|---|---|---|
| RFP 46 | RFP 46 | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs' counsel will look to see if they have the general liability insurance policy by Wednesday, April 28, 2010. As to other documents, including correspondence, Plaintiffs are unwilling to produce any additional documents. |
| RFP 47 | RFP 47 | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs' counsel will look to see if they have the general liability insurance policy by Wednesday, April 28, 2010. As to other documents, including correspondence, Plaintiffs are unwilling to produce any additional documents. |
| Rog 11 | | Please confirm that the cited deposition testimony encompasses *all* steps taken by you and/or SOMS to protect the hearing of your employees. | Plaintiffs have fully responded to this interrogatory. |
| Rog 12 | | This interrogatory does not request documents, but requests Plaintiff to provide names, addresses, and phone numbers of all persons employed by SOMS. FRCP 33(d) only allows the production of documents if those documents answer the interrogatory, to the extents such documents do not exist, Plaintiff is not relieved of his burden of fully and completely answering the posed interrogatory. Please fully respond to the interrogatory. | Plaintiffs contend that the information is in the payroll records, aside from a few resumes. As to the resumes, Plaintiffs' counsel will consider whether he will produce these documents and have an answer to MicroAire by Wednesday, April 28, 2010. As to the remaining documents, Plaintiffs decline to identify the responsive documents produced by bates number. MicroAire reserved the right to move to compel, based on Fed.R.Civ.P. 33(d). |

| 2nd Set of Discovery to Todd Erickson | 1st Set of Discovery to Anne Erickson | Deficiencies | Result from Discovery Conference |
|---|---|---|---|
| Rog 13 | | Please confirm that Plaintiff does not know, and cannot find out, who was responsible for SOMS' billing for the period of January 1, 1997 through the present. Plaintiff has an affirmative duty to obtain this information if it is in his possession, custody, or control. | Plaintiffs' counsel will inquire with his clients and get back with a response to MicroAire, by Wednesday, April 28, 2010, as to whether there is any additional information that can be provided. |
| RFP 51 | | Please produce the requested documents as they meet Fed.R.Civ.P. 26's standard for discoverable information. | Plaintiffs confirm they have are not withholding any documents and have no additional documents to produce. Plaintiffs agreed to supplement this response. |

{JDA784601.DOC;1/12459.000005/ }
Page 11 of 11