1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD and ANNE ERICKSON,
individually and the marital community
composed thereof,

                    Plaintiffs,

        v.

MICROAIRE SURGICAL
INSTRUMENTS LLC, a Virginia limited
liability company doing business in the
State of Washington,

                    Defendant.

CASE NO. C08-5745BHS

ORDER DENYING
PLAINTIFFS' MOTION
CHALLENGING
SUFFICIENCY OF
RESPONSES TO REQUESTS
FOR ADMISSION

        This matter comes before the Court on Plaintiffs' motion challenging the

sufficiency of the responses to requests for admission.  The Court has considered the

pleadings filed in support of and in opposition to the motion and the remainder of the file,

and hereby denies the motion for the reasons stated herein.

## I.  INTRODUCTION AND BACKGROUND

        This lawsuit involves a product liability claim brought by Dr. Todd Erickson, a

former oral maxillofacial surgeon, against the manufacturer of his surgical drills,

MicroAire Surgical Instruments LLC ("MicroAire").  Dr. Erickson and his wife (the

"Ericksons") claim that MicroAire's product was unsafe as designed, and that MicroAire

failed to provide adequate warnings of the danger that the product could cause permanent

hearing loss. As a part of their case, the Ericksons claim that as a result of hearing loss, Dr. Erickson was forced to stop practicing as an oral surgeon and close his practice.

In 2009, the Ericksons served a deposition subpoena on MicroAire, pursuant to Fed. R. Civ. P. 30(b)(6).  In response, MicroAire designated its Engineering Group Director, John Pascaloff, as its Rule 30(b)(6) representative.  Mr. Pascaloff was deposed on December 7, 2009.

The Ericksons subsequently served twenty-three requests for admission. The phrasing of these requests for admissions was premised on the testimony provided by Mr. Pascaloff.  On April 8, 2010, MicroAire responded to the Ericksons' requests for admission.  By telephone conference one day later, the Ericksons objected to the responses and insisted that MicroAire admit all the requests for admissions or face sanctions. Subsequent to the call, the Ericksons sent a letter objecting to the responses to the requests for admission.  The objection provided an explanation of the problems with the response to Request for Admission No. 7.  The other objected-to responses were not provided an explanation.

On April 12, 2010, counsel held a discovery conference regarding the Ericksons' requests for admission.  During that conference, the Ericksons stated that they had the same concern with the Requests for Admission Nos. 3-14 and 19-23, as was stated for No. 7.

Despite believing that MicroAire made good faith responses in its answers to the Ericksons' requests for admission, MicroAire agreed to again evaluate the Ericksons' concerns and amend its responses, if appropriate.  The Ericksons demanded that MicroAire amend its responses the following day.  MicroAire indicated that it intended to timely amend, if appropriate.  In fact, MicroAire did amend its responses on Friday, April 16, 2010.

The Ericksons' instant motion was filed the previous day, April 15, 2010. The thrust of the motion is that MicroAire's responses contradict the testimony of the Rule

30(b)(6) designee, Mr. Pascaloff, and are evasive or non-responsive.  MicroAire responds

that it has provided full, complete, and detailed responses to the Ericksons' requests for

admission.  MicroAire asserts that it has met its burden by admitting what it can admit;

and, where it has denied matters within the requests for admissions, it has provided an

explanation of what portion it is denying and why it is denying that part.

## II.  SUFFICIENCY OF ADMISSIONS

Fed. R. Civ. P. 30(b)(6) provides, in relevant part:

> In its notice or subpoena, a party may name as the deponent a . . .
> corporation . . . and must describe with reasonable particularity the matters
> for examination. The named organization must then designate one or more
> . . . persons who consent to testify on its behalf; and it may set out the
> matters on which each person designated will testify. . . . The persons
> designated must testify about information known or reasonably available to
> the organization.

The testimony of the Rule 30(b)(6) designee is deemed to be the testimony of the

corporation itself.   However, such testimony is not akin to a judicial admission.  Rule

30(b)(6) depositions produce evidence, not judicial admissions.  *State Farm Mutual Auto.*

*Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 212 (E.D. Pa. 2008).  A Rule 30(b)(6)

deponent testifies as if he is the corporation, but Rule 30(b)(6) does not "absolutely bind a

corporate party to its designee's recollection."  *A.I. Credit Corp. v. Legion Ins. Co.*, 265

F.3d 630, 637 (7th Cir. 2001).  Rule 30(b)(6) testimony "can be contradicted and used for

impeachment purposes," but it "is not a judicial admission that ultimately decides an

issue." *Industrial Hard Crome, Ltd. v. Hetran, Inc.*, 92 F. Supp. 2d 786, 791 (N.D. Ill.

2000).  The testimony of a Rule 30(b)(6) representative, although admissible against the

party that designates the representative, is not a judicial admission absolutely binding on

that party.  Testimony given at a Rule 30(b)(6) deposition is evidence which, like any

other deposition testimony, can be contradicted and used for impeachment purposes.

*State Farm*, 250 F.R.D. at 212.  Such testimony is the statement of the corporate person,

which if altered, may be explained and then explored through cross-examination as to

why it was altered.  *Casper v. Esteb Enterprises, Inc.*, 119 Wn. App. 759, 767, 82 P.3d 1223, 1228 (Wash. 2004).

The Court has reviewed Mr. Pascaloff's deposition testimony and MicroAire's responses to the requests for admission, and finds MicroAire's responses legally sufficient.  In the few instances where it could be argued that the responses detour from Mr. Pascaloff's testimony, MicroAire has provided sufficient explanation for the responses.  The Court finds that the responses are neither evasive nor non-responsive.

### III.  ORDER

Accordingly, **IT IS ORDERED** that the Ericksons' motion challenging the sufficiency of the responses to requests for admission (Dkt. 24) is **DENIED**.

Dated this 6th day of May, 2010

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER – 4