UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TODD and ANNE ERICKSON, individually and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>MICROAIRE SURGICAL INSTRUMENTS LLC, a Virginia limited liability company doing business in the State of Washington,<br><br>Defendant. | CASE NO. C08-5745BHS<br><br>ORDER REGARDING PLAINTIFFS' MOTION TO QUASH DEPOSITION SUBPOENA |

This matter comes before the Court on Plaintiffs' motion to quash a deposition subpoena on a nonparty, Dr. Jennifer Forshey. Dkt. 22. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file, and hereby rules as follows:

**I. INTRODUCTION AND BACKGROUND**

This lawsuit involves a product liability claim brought by Dr. Todd Erickson, a former oral maxillofacial surgeon, against the manufacturer of his surgical drills, MicroAire Surgical Instruments LLC ("MicroAire"). Dr. Erickson and his wife (the "Ericksons") claim that MicroAire's product was unsafe as designed, and that MicroAire failed to provide adequate warnings of the danger that the product could cause permanent

ORDER – 1

1  hearing loss.  As a part of their case, the Ericksons claim that as a result of hearing loss,
2  Dr. Erickson was forced to stop practicing as an oral surgeon and close his practice.
3     MicroAire served a deposition subpoena upon Dr. Jennifer Forshey, an oral
4  maxillofacial surgeon living in Pennsylvania and prior employee of the Ericksons' oral
5  surgery practice, Sound Oral and Maxillofacial Surgery, P.S. ("SOMS") in Tacoma,
6  Washington.
7     Dr. Forshey was employed with SOMS for a period of five months from March
8  2004 through August 2004.  Upon her termination, Dr. Forshey filed a suit, claiming
9  breach of contract and wrongful termination by Dr. Erickson as a result of her raising
10 concerns regarding patient safety.  During the course of that suit, numerous SOMS'
11 employees and both of the Ericksons were deposed.    Dr. Forshey's lawsuit was resolved
12 by settlement on November 6, 2007.  The Ericksons' counsel states that the settlement
13 agreement entered into between Dr. Forshey and the Ericksons, ending the lawsuit, was to
14 remain confidential.
15    The documents and information sought from Dr. Forshey relate to this litigation
16 against the Ericksons by their former employee.  MicroAire indicates it wants to review
17 the requested documents and hear Dr. Forshey's testimony, as they bear directly on Dr.
18 Erickson's motivations for selling his practice and his credibility.
19    MicroAire has attempted to obtain this information through subpoenas to Dr.
20 Forshey, through discovery requests to the Ericksons, and through the public records.
21 The Ericksons have moved to quash the subpoenas and have refused to produce the
22 materials pursuant to the discovery requests.
23    Dr. Forshey is prepared to produce responsive documents unavailable in the
24 public records, and is willing and prepared to travel to Seattle to testify in this matter.
25 The Ericksons seek to quash the subpoena on Dr. Forshey on the basis that the wrongful
26 termination lawsuit is irrelevant to the instant litigation, that the subpoena places an
27 undue burden on Dr. Forshey, and the subpoena seeks confidential information.
28

ORDER – 2

## II.  LEGAL STANDARD FOR MOTION TO QUASH

The scope of discovery is defined by Federal Rule of Civil Procedure 26(b). Pursuant to that rule, litigants may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance under Rule 26(b)(1) is construed more broadly for discovery than for trial. *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Where relevance is in doubt the court should be permissive. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N.D. Cal. 2006).

District courts enjoy broad discretion both to determine relevancy for discovery purposes, and to limit discovery to prevent its abuse. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); Fed. R. Civ. P. 26(b)(2). For example, a court may limit the scope of any discovery method if it determines that the discovery sought is "unreasonably cumulative or duplicative," or is obtainable "from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(c). Similarly, district courts are directed to limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Pursuant to Rule 45, any party may serve a subpoena commanding a nonparty "to attend and testify" or to "produce designated documents." Fed. R. Civ. P. 45(a)(1)(A)(iii). Any such subpoena is subject to the relevance requirements set forth in Rule 26(b). *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636-37 (C.D. Cal. 2005). If requested, a court may quash or modify the subpoena for a variety of reasons, including that the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). A party objecting to a subpoena served on a non-party must move to quash. *See Moon*, 232 F.R.D. at 636. The party who moves to quash a subpoena has the burden of persuasion. Id. at 637.

ORDER – 3

As a general rule, a party lacks standing under Fed. R. Civ. P. 45(c)(3) to challenge a subpoena issued to a nonparty unless the party claims a personal right or privilege with respect to the documents requested in the subpoena. *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004); *In re Cree Inc. Securities Litigation*, 220 F.R.D. 443 (M.D.N.C. 2004). A party generally does not have standing to object to a subpoena served on a nonparty on grounds of the undue burden imposed on the nonparty, especially where the nonparty itself has not objected. See *Moon*, 232 F.R.D. at 636-37. A party that is not the recipient of the subpoena has standing to challenge the subpoena "only where its challenge asserts that the information is privileged or protected to itself." *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 695 (D. Nev. 1994).

The Ericksons assert undue burden as one basis for quashing the subpoena. This basis lacks merit as the subpoena is directed to a nonparty, not the Ericksons. Thus, the Ericksons lack standing to allege the subpoena imposes an undue burden on the nonparty, Dr. Forshey. Further, there appears to be no undue burden as evidenced by Dr. Forshey's apparent agreement to provide the requested documents and travel to Seattle to provide testimony.

The Ericksons also claim that the requested documents and testimony lack any relevance to the instant lawsuit. As previously noted, where relevance is in doubt, the Court should be permissive in allowing discovery. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. One aspect of the Ericksons' case is the alleged loss of the business as a result of Dr. Erickson's hearing loss. As MicroAire points out, the ramifications of the prior litigation with Dr. Forshey may be relevant to providing additional or other reasons for the closing of Dr. Erickson's practice. The Forshey litigation may also be relevant to the loss of reputation in the community, and provide information relevant to the issue of Dr. Erickson's credibility. Accordingly, the Court finds the documents and information sought by MicroAire are relevant and discoverable.

ORDER – 4

Finally, to the extent the Ericksons argue that the subpoena should be quashed because it seeks the discovery of information subject to a confidential settlement agreement, the Ericksons have failed to specify the nature of the confidentiality provision to which they refer.  MicroAire has not been provided a copy of the confidentiality provision and has not seen the confidentiality provision in the settlement agreement, nor have the Ericksons provided this Court a copy of the purported provision.  The party who moves to quash a subpoena has the burden of persuasion.

Given that this Court does not know if the confidentiality clause prevents disclosure, the Court directs the Ericksons to produce to MicroAire the confidentiality provision that they claim prevents Dr. Forshey from producing documents or testifying in response to the subpoena, so that MicroAire can evaluate the provision for itself.  In the event the provision provides that documents may be produced and testimony given pursuant to a subpoena or court order, then the Ericksons' claim of confidentiality fails.

### III. CONCLUSION

The Ericksons have not established that the nonparty subpoena should be quashed on the basis of relevancy of the information sought or the undue burden imposed on the nonparty. The issue of confidentiality of the sought-after information is unresolved, as the Ericksons have failed to provide this Court or MicroAire with a copy of the alleged confidentiality agreement.

### IV.  ORDER

Accordingly, the motion to quash deposition testimony shall be renoted for May 17, 2010. The Ericksons shall provide to the Court and to MicroAire a copy of the confidentiality provision of the settlement agreement in *Jennifer Forshey v. Sound Oral and Maxillofacial Surgery P.S.*, Case No. C06-5335, on or before May 10, 2010. On or before May 17, 2010, the parties will file simultaneous briefs addressing whether or not

ORDER – 5

the settlement agreement restricts disclosure and, if it does, whether, and upon what terms of protection, the Court should order disclosure.

Dated this 6th day of May, 2010

BENJAMIN H. SETTLE
United States District Judge

ORDER – 6