# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

TODD and ANNE ERICKSON, individually and the marital community comprised thereof,

Plaintiffs,

v.

MICROAIRE SURGICAL INSTRUMENTS, LLC, a Virginia limited liability company doing business in the State of Washington,

Defendant.

Case No. C08-5745 BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTATION OF INTERROGATORIES

This matter comes before the Court on Defendant MicroAire Surgical Instruments, LLC's Motion to Compel Plaintiffs' Production of Documents and Supplementation of Interrogatories. Dkt. 36. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and grants in part and denies in part the motion as discussed herein.

## I. INTRODUCTION AND BACKGROUND

This lawsuit involves a product liability claim brought by Dr. Todd Erickson and his wife Anne Erickson (the "Ericksons"). Dr. Erickson is a former oral and maxillofacial surgeon. During the entirety of his practice at Sound Oral and Maxillofacial Surgery, P.S. ("SOMS"), Dr. Erickson utilized pneumatic surgical drills manufactured by MicroAire

ORDER - 1

Surgical Instruments, LLC ("MicroAire") to perform oral surgery. It is alleged that as a result of the use of MicroAire surgical drills, Dr. Erickson now suffers from permanent hearing loss, tinnitus and hyperacusis. The Ericksons claim that MicroAire's product was unsafe as designed, and that MicroAire failed to provide adequate warnings of the danger that the product could cause permanent hearing loss. The Ericksons were damaged because Dr. Erickson's impairments forced him to sell his medical practice in 2007.

On March 19, 2010, MicroAire served the Ericksons with MicroAire's First Set of Interrogatories and Requests for Production to Anne Erickson, and MicroAire's Second Set of Interrogatories and Requests for Production to Todd Erickson. The Ericksons served their responses on April 12, 2010. On April 20, 2010, MicroAire's counsel sent a letter detailing the deficiencies in the Ericksons' production. The parties met and conferred on April 22, 2010, and were unable to resolve their disagreements.

MicroAire filed the instant motion seeking the production of documents and supplementation of answers to interrogatories in the following areas: (1) documents from prior litigation entitled *Jennifer Forshey v. Sound Oral and Maxillofacial Surgery P.S.*, Case No. C06-5335. ( Request for Production Nos. 10-12); (2) information regarding the golf training received by the Ericksons' minor son (Request for Production No. 16); (3) the Ericksons' financial documents, personal spending, and travel habits (Request for Production Nos. 18-19, Interrogatory Nos. 4-5 to Dr. Erickson, and Interrogatory Nos. 6-7 to Mrs. Erickson); (4) the Ericksons' insurance policies (Request for Production Nos. 15, 21, 46, and 47); (5) healthcare information for Dr. Erickson dating back to 1987 (Interrogatory No. 3, Request for Production No. 25); (6) list of the Ericksons' mental healthcare providers treating them prior to the injury to Dr. Erickson (Interrogatory No. 5); and (7) amount of loss of consortium damages sought and the method of computation (Interrogatory No. 1).

ORDER - 2

1   The Ericksons objected to these discovery requests as overbroad and unduly

2   burdensome and beyond the scope of proper discovery because the information sought is

3   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4   In addition, the Ericksons assert these requests are improper because they are interposed for

5   an improper purpose such as to harass them.

## II.  RULE 26 DISCOVERY

The Federal Rules of Civil Procedure permit a party to obtain discovery on any non-privileged matter that is "relevant to the claim or defense of any party," while permitting the Court to constrain even relevant discovery if it is either redundant or unduly burdensome. Parties may obtain discovery regarding any relevant information or information which is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1) and (2). "Relevant" evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Overbroad discovery requests are uniformly denied. Where the requests involve information which bears no relationship to the subject matter of the complaint, courts appropriately deny enforcement. *See American LegalNet, Inc. v. Davis,* 673 F. Supp. 2d 1063, 1069 (C.D. Cal. 2009); *Bartholomew v. Unum Life Ins. Co.*, 579 F. Supp. 2d 1339, 1342 (W.D. Wash. 2008).

**A.**  ***Jennifer Forshey v. Sound Oral and Maxillofacial Surgery P.S.*, Case No. 06-5335**

The question of whether materials contained in the *Forshey* litigation are subject to discovery has been addressed by this Court. See Dkts. 45, 57.

**B.**  **Information Regarding Golf Training Received by the Ericksons' Minor Son**

The Ericksons' damages claim stems from an alleged noise-induced hearing loss suffered as a result of using pneumatic surgical drills manufactured by MicroAire.

ORDER - 3

1       The request for information relating to the outlay of funds in relation to their son's golf training bears no relationship to the subject matter of the complaint; nor does it appear that such information, if provided, would lead to the discovery of any admissible evidence relating to the Ericksons' claims or defenses. Therefore, the motion is **DENIED** in this respect.

**C.    The Ericksons' Financial Documents, Personal Spending, and Travel Habits**

      MicroAire seeks to obtain the Ericksons' credit card statements, bank statements, cancelled checks, vacation destinations, and the names of hotels in which the Ericksons were guests. The Ericksons' damage claim stems from the loss of income resulting from Dr. Erickson being forced to give up his vocation as an oral surgeon, as well as the corresponding general damages.

      The financial standing of a defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1997). Similarly, evidence of the Ericksons' financial standing is inadmissible under Fed. R. Evid. 403 for the purpose of establishing damages.

      The Ericksons' travel expenses appear neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, and the motion is **DENIED** in this respect

      MicroAire also seeks production of all documents concerning the Ericksons' personal investments and assets, as well as a list of all of SOMS' fixed assets. MicroAire asserts that this information might assist to develop their theory that the Ericksons sold their practice for reasons other than Dr. Erickson's disability.

      The Ericksons' financial condition is reasonably calculated to lead to the discovery of relevant evidence that may bear on the reason for the sale or termination of their medical practice. Therefore, the motion is **GRANTED** in this respect.

ORDER - 4

**D.    The Ericksons' Insurance Policies**

MicroAire asks the Court to compel the disclosure of the Ericksons' insurance policies, including Dr. Erickson's disability insurance policy. MicroAire acknowledges that the Ericksons have already agreed to produce the policies in their possession, custody and control, as well as Dr. Erickson's application for disability benefits. MicroAire claims, however, that it is entitled to receive all information regarding Dr. Erickson's disability insurance and benefits in order to establish that he had other motivations for selling his practice.

The law is clear that insurance payments received by Dr. Erickson are strictly excluded from evidence under the "collateral source" rule. See *Cox v. Spangler*, 141 Wn.2d 431, 440, 5 P.3d 1265 (2000). Although insurance payments may be inadmissible, the information contained in the insurance files are reasonably calculated to lead to relevant evidence. MicroAire is entitled to supplementation of the responses in regard to the Ericksons' insurance coverages, and the motion is **GRANTED** in this respect.

**E.    The Ericksons' Medical and Mental Health Records**

MicroAire seeks the Ericksons' medical records from 1987 forward. The Ericksons assert that this request is overbroad, unduly burdensome and not narrowly tailored to seek admissible evidence. Dr. Erickson has already provided a list of medical care providers for the past thirteen years and Mrs. Erickson has provided a list for the past ten years.

Requiring that the Ericksons produce all of their medical records dating back to 1987 is intended to determine when Dr. Erickson began suffering a hearing loss and/or whether other medical conditions may have lead to his termination of his medical practice. This request is calculated to lead to the discovery of admissible evidence. Therefore, the motion is **GRANTED** in this respect.

ORDER - 5

**F.     Claim for Loss of Consortium**

MicroAire seeks a response as to the amount of loss of consortium damages suffered and the method of computation. Damages for loss of consortium are proper when a spouse suffers loss of love, society, care, services, and assistance due to a tort committed against the impaired spouse. *Burchfiel v. Boeing Corp.*, 149 Wn. App. 468, 205 P.3d 145 (2009).

The Ericksons respond that by their very nature, general damages such as loss of consortium are not susceptible to mathematical calculation, and cannot be identified by a "method" for determining the precise numerical value of the loss of consortium claim, and as such, the determination is ultimately for the jury. Therefore, the motion is **DENIED** in this respect.

## III.  ORDER

Accordingly, it is hereby **ORDERED** that MicroAire's Motion to Compel Plaintiffs' Production of Documents and Supplementation of Interrogatories (Dkt. 36) is **GRANTED in part** and **DENIED in part** as directed herein.

DATED this 27th day of May, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6